393 P.2d 668

**The STATE of Arizona, Appellee,**

**v.**

**Wilford GARCIA, Appellant.**

**No. 1334.**

Supreme Court of Arizona.

In Division.

June 24, 1964.

Robert W. Pickrell, Atty. Gen., Norman E. Green, Pima County Atty., By Carl Waag, Deputy County Atty., for appellee.

Leslie J. Gilbertson, Tucson, for appellant.

BERNSTEIN, Justice.

An Information was filed against Wilford Garcia, in Pima County Superior Court, charging that he did wilfully, unlawfully, and with the intent to murder one Hilda Ochoa, make and commit an assault upon the said Hilda Ochoa, a human being,

**204**

in violation of A.R.S. § 13–248. The jury returned a verdict of guilty of assault with intent to commit murder, and the defendant was sentenced to not less than 20 years and not more than 25 years. The defense made a motion for a mistrial because of the admission of evidence of an independent crime on cross examination of the defendant and after this motion was denied, for a new trial on the same grounds, which was also denied. Defendant has appealed.

Defendant, Wilford Garcia, and the victim, Hilda Ochoa, had been living together as husband and wife for two years, and had twin babies who were four months old at the time of the shooting. The defendant described their relationship as a common-law marriage. On January 29, 1963, the defendant, who had moved to his mother's home, came to the house of the victim at approximately 11:00 A.M. and demanded the babies, so that he could have his mother adopt them. Taking the evidence in the light most favorable to support the verdict, it leads to the conclusion that the victim refused to allow the defendant to take the babies to his mother. After leaving, defendant purchased the gun with which he shot the victim, but he testified he bought it for target practice because he had given his old gun to his brother. At approximately 12:00 noon on that same day he came back and shot the victim. He hit her with three out of the four bullets he fired.

Defendant had been drinking throughout the day. His defense was based on the theory that he was too drunk to form an intent. The state's witnesses agreed he was drinking. The only issue was the degree of drunkenness. Intent is an essential element of the crime charged here. State v. Hanks, 58 Ariz. 77, 118 P.2d 71. A.R.S. § 13–132 provides:

> "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act."

The defendant took the stand, and told his story of the day of the shooting. The first question asked on cross examination was: "Mr. Garcia, did you cut Hilda with a knife?"

On the basis of this question, defense counsel objected and moved for a mistrial. The trial court overruled the objection and denied the mistrial motion. The cutting occurred about 36 hours before the crime charged. No complaint was signed, though

the incident was investigated by the police. The police took defendant home to his mother after this incident, and he did not see the victim again until the day of the shooting.

The first assignment of error relates to requiring the defendant to testify as to the cutting episode, after the prosecutor's question quoted above, and the second to the denial of defendant's motion for a new trial, based on the same question and the evidence it brought out. We will consider the assignments together.

■ It is well established that evidence showing the defendant had or may have committed other crimes is prejudicial and inadmissible. State v. Johnson, 94 Ariz. 302, 383 P.2d 862; State v. Akins, 94 Ariz. .263, 383 P.2d 180; State v. Dutton, 83 Ariz. 193, 318 P.2d 667; State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120; State v. Singleton, 66 Ariz. 49, 182 P.2d 920; State v. Serna, 69 Ariz. 181, 211 P.2d 455, cert. denied 339 U.S. 973, 70 S.Ct. 1031, 94 L.Ed. 1380. All of these cases, however, recognized an exception, among others, where the evidence of the other crime is relevant to the issue of intent.

In this case motive and intent are the only issues. The difficulties of this couple began with the argument which led to the cutting on the night of January 27th and defendant's being taken to his mother's home by the police. Without evidence of this incident, it is difficult, if not impossible, to understand what was going on. The events of the day of the shooting, the 29th, were the outgrowth of the quarrel on the night of the 27th. Had it not been for this quarrel and defendant's return home the proposal for defendant's mother to adopt the babies would never have been made. We have here in reality one dispute, which began on January 27, was interrupted while the victim was in the hospital and defendant at his mother's home, and continued on January 29 until the shooting.

■ The state was not attempting to blacken the character of defendant by showing prior unrelated acts of cruelty and wife beating. It was presenting its theory of the origin of the motive and intent which it claimed the defendant had at the time of the shooting. For this purpose the evidence was admissible. Carter v. State, 18 Ariz. 369, 161 P. 878; Udall, Arizona Law of Evidence § 115. This situation is similar to that in Carter. In that case we said:

"It is apparent that no connected and intelligent statement of the facts and circumstances of this case could be given by the witnesses without disclosing the difficulty accused had with Raphael, his attempted arrest by Officer Conway and the deceased, his flight, and the hasty preparations and return to the scene of the homicide for the perpetration of the wrongful act. Such

matters give light upon the motive and intent of the accused; they 'give color of cause and effect to the transaction'; they constitute a continuous transaction, forming a link of association culminating in the homicidal act." 18 Ariz. at 374, 161 P. at 880.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, J., concurring.