406 P.2d 406

STATE of Arizona, Appellee,

v.

Roy Lee HARDIN, Appellant.

No. 1487.

Supreme Court of Arizona.

En Banc.

Oct. 8, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Phoenix, Norman E. Green, County Atty., of Pima County, Carl Waag, Deputy County Atty., Tucson, for appellee.

Mario Cota-Robles, Tucson, for appellant.

LOCKWOOD, Chief Justice.

The appellant, Roy Lee Hardin (hereinafter called defendant), was tried and convicted by a jury on an amended information charging the offense of robbery in

violation of A.R.S. §§ 13–641 and 13–643. Defendant has been represented by court-appointed counsel at the preliminary hearing, upon trial and upon appeal.

On the evening of November 12, 1963 the defendant and one Davis and several others were gambling (shooting dice) in the back room of the American Legion Post on South Meyer Avenue in Tucson, Arizona. Defendant was rolling the dice for a pot of $160.00 in which he bet $80.00 and was covered by Davis' $80.00. Upon losing this $80.00 bet, defendant demanded that Davis give him the $160.00 in the pot. Defendant contends that he was cheated out of this pot because of "crooked" dice. Furthermore, defendant contends that Davis gave him the $160.00 in the pot because he (Davis) realized he "were wrong." Davis, on the contrary, claims that he gave defendant the money because the defendant held a gun on him and threatened to "blow his head off." Moreover, Davis claims that defendant at the same time also took money from the others who were gambling.

The other facts are virtually uncontradicted. Immediately after the alleged robbery, Davis went to the police station stating that he was robbed. Davis described defendant's car and personal appearance. Approximately five hours later the defendant, accompanied by his wife and child, was apprehended on the outskirts of Wickenburg, Arizona, en route to Blythe, California. A search of the car netted a total of $307.00 in cash and a .32 caliber pistol.

Defendant's first assignment of error is that the Court erred in denying his motion for a mistrial. Defendant claims the prosecutor's assertion in his opening statement and closing argument that defendant robbed several other people was prejudicial error, in that it alluded to the commission of other offenses not charged in the information.

It is well established that reference in argument to the jury to anything not legally admissible against the defendant in the particular case is highly improper, and sometimes of sufficient gravity to reverse the case. See, Burrows v. State, 38 Ariz. 99, 117, 297 P. 1029, 1036 (1931). It it also well established that generally evidence showing the defendant had or may have committed other crimes not charged in the information is prejudicial and inadmissible. State v. Garcia, 96 Ariz. 203, 393 P.2d 668 (1964); State v. Akins, 94 Ariz. 263, 383 P.2d 180 (1963); State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R. 2d 1120 (1960). However, there are recognized exceptions to this latter rule. As we stated in State v. Daymus, 90 Ariz. 294, 298–299, 367 P.2d 647, 650 (1961):

"* * * In Arizona the law is well settled that evidence of other crimes is competent when it tends to establish motive, intent, absence of mistake

or accident, identity and common scheme or plan. Crowell v. State, 15 Ariz. 66, 136 P. 279; Lewis v. State, 32 Ariz. 182, 256 P. 1048."

Moreover, evidence of other offenses which "complete the story" is admissible as an exception to the general rule. As we have stated in State v. Villavicencio, 95 Ariz. 199, 201, 388 P.2d 245, 246 (1964):

"Evidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime. * * "

See also, State v. George, 95 Ariz. 366, 369–370, 390 P.2d 899, 901–902 (1964).

■ The defendant admits the preceding exceptions to be the applicable law but contends that Davis' testimony was so vague that the jury might have believed that no other amounts were taken, and thus reference to such testimony by the prosecutor was error. What we have stated in State v. Quintana, 92 Ariz. 308, 310, 376 P.2d 773, 774 (1962) is dispositive of this contention:

"This argument goes to the weight of the evidence rather than its sufficiency, and may not be properly considered on appeal. * * * "

■ Moreover, Davis' testimony was consistent that some other amounts were taken from the other gamblers though he could not attest to the exact amount. Thus the remarks by the prosecutor were not prejudicial, since the value of the property taken is utterly immaterial in stating the offense of robbery. See, James v. State, 53 Ariz. 42, 47, 84 P.2d 1081, 1083 (1938); Perkins, Criminal Law at 194 (1957).

Defendant's second and third assignments of error involve the refusal of the court to direct a verdict of acquittal. Defendant contends that the state has not proved a prima facie case and thus the verdict was contrary to the law and the evidence.

■ Defendant states that property taken by force under a claim of right of ownership does not constitute robbery. With this proposition we are in accord. See Bauer v. State, 45 Ariz. 358, 43 P.2d 203 (1935); See also Note, 25 Va.L.Rev. 97 (1938); Wharton's Criminal Law and Procedure § 551; People v. Rosen, 11 Cal. 2d 147, 78 P.2d 727, 116 A.L.R. 1003 (1938).

■ The question as to whether the defendant had the intent to limit his lawless act to the retaking of the amount lost in gambling was indisputably a question of fact for the jury's determination. See People v. Rogan, 1 Cal.2d 615, 36 P.2d 631, 95 A.L.R. 560 (1934). Since there was an abundance of evidence to support their finding, and the judge adequately instruct-

**60**

ed them with regard to the law, there is no error.

■ There is no merit in defendant's claim that the court should have instructed a verdict of acquittal. Where, as in this case, there is a conflict in the evidence, determination of facts is for the jury. We then must take the evidence in the light most favorable to the state and resolve all conflicts to uphold the jury's verdict. State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964); State v. Perez, 94 Ariz. 290, 383 P.2d 745 (1963); State v. Izzo, 94 Ariz. 226, 383 P.2d 116 (1963).

■ The last assignment of error was that the trial court refused to give defendant's requested instruction number 6:

"In the case of certain crimes it is necessary that in addition to the intended act which characterizes the offense, the act must be accompanied by a specific or particular intent without which such a crime may not be committed.

"Thus in the crime of robbery, a necessary element is the existence in the mind of the perpetrator of the specific intent to steal and unless such intent so exists that crime is not committed." (CALJIC No. 72–B)

We are of the opinion that the law embodied in the omitted instruction was more than adequately covered by other instructions.

Judgment affirmed.

STRUCKMEYER, V. C. J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concurring.