418 P.2d 370

**STATE of Arizona, Appellee,**

v.

**Joe Raymond CORTEZ, Appellant.**

**No. 1550.**

Supreme Court of Arizona.

In Division.

Sept. 28, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Sol L. Hamburger, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

An information was filed in the Superior Court of Maricopa County, Arizona, charging appellant Joe Raymond Cortez on two counts of unauthorized sale of narcotic drugs, heroin, a violation of A.R.S. § 36-1002.02. After trial, verdicts of guilty were returned by the jury on both counts. From the judgments of conviction and sentences, appellant brings this appeal.

He urges three grounds for reversal. First, that the quantity of heroin alleged to have been sold in Count Two was insufficient to constitute a useable quantity. This question was answered adversely to appellant in State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739 (April, 1966), and no sufficient reason has been advanced to lead us to believe the decision was in error.

Second, it is urged that the prosecuting attorney made such improper remarks in his closing argument to the jury that the appellant was deprived of a fair trial. In this, we are convinced that appellant is correct.

During the closing arguments to the jury, defense counsel stated:

"This is probably the weakest case, and maybe the poorest job of police work I have seen in a long time."

When the prosecuting attorney's turn came, he stated to the jury:

"First of all, the defense counsel states that the state has a weak case. Ladies and gentlemen of the jury, there are facts that you must decide and must be decided by you. Had this been a weak case, the court would have directed us out."

At this point, defense counsel objected to this statement and asked that it be stricken. The trial judge replied:

"I will instruct them on the law as to what the court would have done."

At the conclusion of the case, the court instructed the jury on various matters but failed to specifically mention the above remarks of the prosecuting attorney. The court instructed the jury that:

"* * * the law permits nothing but legal evidence presented to the jury, to be considered in support of any charge against the accused * * * The evidence in the case consisted of sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated. * * * You are to consider only the evidence in this case * * *."

There can be no question but what the prosecuting attorney's remarks were highly improper. They could, and probably did, give the jury the impression that the trial judge, by not directing a verdict for the appellant, had considered the evidence against him and believed that he was guilty. Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557. In State v. Stegner, 276 Mo. 427, 207

S.W. 826, the Missouri court, considering a similar remark, used the following language, which we consider clearly applicable:

"Such a remark cannot be construed other than as prejudicial. It says in effect to the jury: 'In addition to the evidence adduced, the court thinks this defendant guilty, or he would not have permitted this prosecution.' In the face of the numerous admonitions given by this court to prosecuting attorneys to refrain from that intemperate zeal which has no place in the prosecution of crime, and is in clear violation of official duty, we find nothing to palliate this conduct. That it was prejudicial to the appellant is beyond question * * *." *276 Mo., at 440, 207 S.W., at 831.*

The cases directed to our attention, see 127 A.L.R. 357 and annotation, hold, without exception, that such statements by prosecuting attorneys are improper. Some hold that the impropriety is cured by striking the statement and admonishing the jury to disregard it; some hold that it is cured if the statement was provoked by defense counsel's conduct or argument; some hold that it is cured by the court's instructions to the jury at the close of the case. None of those possibly redeeming features appear in the instant case, where the judge not only failed to instruct the jury, but also failed to rule on the motion to strike, and failed to admonish the jury to disregard the statement. Nor do we believe that the argument of the defense counsel, though itself improper, can be considered sufficiently provocative to justify the prosecutor's reply.

Finally, it is urged that there was no sufficient proof that the offense alleged in Count One was committed in Maricopa County, Arizona. Since this cause must be reversed and appellant granted a new trial, we find it unnecessary to pass on this question.

Judgment reversed with directions to grant appellant a new trial.

BERNSTEIN, V. C. J., and McFARLAND, J., concur.