424 P.2d 205

**The STATE of Arizona, Appellee,**

v.

**Santiago ROCHA, Appellant.**

**No. 2 CA–CR 73.**

Court of Appeals of Arizona.

Feb. 21, 1967.

Rehearing Denied March 22, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, William J. Schafer, III, County Atty. of Pima County, Tucson, for appellee.

Kosteck, Kimerline & Marvel, by Nelfred G. Kimerline, Tucson, for appellant.

MOLLOY, Judge.

This is an appeal from a conviction of burglary.

Police officers had advance information of a possible robbery and had "staked out" a bar next to a grocery store. In this manner they "lucked on" to the burglary of the grocery store which occurred as they waited for the robbery of the bar. Three police officers observed the scene through binoculars and with naked eye. The burglary occurred late at night but there were street lights and some lighting in the store itself. The officers had an opportunity to observe the defendant and his two codefendants approaching the store, entering the store, and, dimly and less certainly, within the store. An arrest was not made until several days later, as the defendant and his accomplices were persons known to the officers, and the officers permitted them to depart from the scene unmolested so that the surveillance of the bar could be continued.

There questions arise on appeal. The first concerns the contention that the county attorney displayed "mug shots" and fingerprints of the appellant and his codefendants on the counsel table during the trial in full view of the jury.

The record does not establish that this occurred. In chambers, the prosecuting attorney did admit that records as to

a codefendant by the name of Edwards were on his desk during the trial, and that these included four pictures and one fingerprint of Edwards stapled to authenticated certificates of conviction of four prior felonies of Edwards. The items were on the counsel table only during the examination of the codefendant Edwards, who, both on direct and cross-examination, admitted his prior convictions, thus obviating the use of the official records.

The items referred to were made a court's exhibit, but, without objection on the part of appellant's counsel, were released during the trial to the county attorney, so we have no basis to question the county attorney's unchallenged statement in the record that these "mug shots" and fingerprints did not pertain to this defendant. The presiding judge was unsure whether the jury had seen the items in question.

Under these circumstances, the question of whether there was any prejudice to this defendant should be left to the discretion of the trial judge. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397 (1965). The trial judge in this case has indicated that he found no prejudice, both by denying a motion for mistrial and by denying a motion for new trial.

The second question presented is whether the following instructions should have been given when requested by defendant:

"Testimony tending to prove identity is to be scrutinized with extreme care,"

and

"No class of testimony is more uncertain and less to be relied upon than that of identity."

The jury was correctly instructed as to the high standard of proof required in a criminal case. The case against the defendant consisted almost exclusively of eyewitness identifications. No pertinent law has been cited to support the contention that eyewitness identification is inherently unsound and that a jury must be so instructed. Under the circumstances of this case we believe such an instruction would have been a violation of our constitutional prohibition · against commenting on the evidence. Ariz.Const., Art. 6, Section 27, A.R.S.

The third question involves the sufficiency of the evidence. The commission of a burglary of the grocery store was conclusively established. There were three eyewitness identifications of the defendant as being a participant in the burglary. The credibility of the witnesses was for the jury and the trial court. State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965).

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.