425 P.2d 861

**STATE of Arizona, Appellee,**
v.
**Othellon HANNON, Appellant.**
**No. I CA–CR 98.**

Court of Appeals of Arizona.
April 6, 1967.

Darrell F. Smith, Atty. Gen., Anthony H. Mason, Asst. Atty. Gen., for appellee.

Gibson & Gibson by Franklin K. Gibson, Phoenix, for appellant.

STEVENS, Judge.

The defendant was convicted on two counts of assault with a deadly weapon in violation of Section 13-249, A.R.S., and was sentenced to the Arizona State Prison on both counts for a period of not less than three nor more than four years, both terms to run concurrently. The issue before this Court is whether the trial court committed reversible error in allowing to be introduced in evidence testimony of a prior specific act of misconduct of the defendant.

■ There is a conflict in the evidence which was presented to the jury. We will review this evidence in a light most favorable to upholding the jury's verdict of conviction. State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965); State v. Taylor, 2 Ariz. App. 314, 408 P.2d 418 (1965).

The encounter in question began when the defendant was returning home from the barbershop. A car driven by a Delbert Branham, occupied by Elmer Slaughter and two other men, pulled into a position in front of the defendant's car. The cars proceeded in this order to the place where the shooting occurred. The defendant stated that Branham was driving his car at a slow rate of speed, would not let the defendant pass and, at one point, almost ran the defendant off of the road. This testimony was not supported by the occupants of the Branham car. Branham did state that he drove slowly over the road on which the shooting occurred because it was unpaved and bumpy and the rear end of his car was lowered.

While on this road, Branham stopped his car when a group of acquaintances who were gathered in front of one of the residences adjacent to the road, yelled at him. A few words were exchanged and the Branham car was either stopped or moving forward when the defendant bumped into the rear of the Branham car. There is a conflict in the evidence as to whether the defendant or Branham got out of the car first. The defendant said it was Branham. Branham did not remember who it was. The testimony of the other witnesses was that the defendant then jumped out of his car, said "This is what I have been waiting for" and started firing a pistol at the Branham car. Slaughter, who was sitting in the back seat of the Branham car, was hit in the hand. Branham was hit in the left wrist either while his car door was still closed or while he was getting out. Branham advanced toward the defendant in an attempt to disarm the defendant.

The defendant was backing up trying to unjam his gun, which he did just when Branham was within arms-reach. The defendant fired his gun and Branham fell to the ground. A total of four or five rounds had been fired during the encounter. The defendant jumped into his car and drove home. When he arrived at home, the defendant's father persuaded the defendant to turn himself in. The defendant was apprehended while en route to the police station with his father.

On direct examination, the defendant stated that he never carried a gun on his person. To impeach this statement, the State was permitted to question the defendant on cross-examination relative to an incident two weeks prior to the shooting of Branham in which the defendant fired a pistol into the car of a Larry Criddle. According to the defendant, Criddle's car was parked in or so near the defendant's driveway that the defendant could not enter. The defendant told Criddle to "move your car" and Criddle replied "I am not going to move my car. It has been sitting here all day". The defendant walked around to Criddle's side of the car where the door was open, saw Criddle holding a knife that he was using to clean his fingernails, fired two shots (one into the door) and said "drop the knife". There is a conflict between the testimony of Criddle, who testified for the State on rebuttal, and the defendant as to whether the defendant walked up with the gun or got it out of his car when he saw Criddle holding the knife. This incident did not result in a conviction of the defendant.

The defendant contends that it is a recognized general rule of law that a witness cannot be impeached by a showing of specific acts of misconduct where such acts do not result in a conviction of a felony. Section 68, Udall Arizona Law of Evidence, Page 107. We have no quarrel with this statement of the law insofar as it applies to the impeachment of a witness or his general credibility. In our opinion, it is not controlling here.

On his direct examination the defendant stated that he never carried a gun on his person and thereby opened the door for inquiry into the truthfulness of this assertion. This statement was material, and not collateral, to the issues in the case. In the usual situation, a statement by a witness is impeached or discredited by evidence of a prior inconsistent statement. We hold that a prior act inconsistent with the defendant's testimony on direct examination, can be used to impeach or discredit the testimony, even though the act does not amount to a felony, provided that the act is not too remote in the point of time and the statement sought to be impeached or discredited does not fall within the category of being a collateral matter. The application of this holding requires the sound discretion of the trial judge. We find an absence of an abuse of discretion in this case.

The defendant asserted self-defense in his case in chief. Branham had previously stated that the defendant would get in trouble if the defendant continued to drive his car at a right rate of speed where Branham's children were playing. This was interpreted by the witnesses as meaning trouble either with Branham or the police. There was also evidence that Branham carried a 22 rifle in the trunk of his car, which rifle Branham claimed he used for hunting.

On rebuttal, the State's witness, Larry Criddle, was permitted to testify relative to the defendant's shooting of his car. This evidence is admissible on rebuttal to negate the defendant's plea of self-defense. The incident occurred just two weeks before Branham was shot and the evidence of it is highly probative. In Douglass v. State, 44 Ariz. 84, 33 P.2d 985 (1934), the defendant was found guilty of the murder of an elderly prospector, Ralph Hart, who the defendant claimed he killed in self-defense. The trial court permitted

**294**

evidence relative to the circumstances of the murder of a rancher, Jack Hayden, whose house was located near Hart's tent. The murder of Hayden occurred shortly before that of Hart. It was urged that the evidence in regard to Hayden's death referred to a distinct and unconnected crime and was, therefore, inadmissible. In permitting such evidence the Arizona Supreme Court stated:

"In this case the defendant had previously to and at the trial admitted the killing of both Hayden and Hart, but contended that each was done in necessary self-defense. The question of self-defense was therefore one of the vital issues at the trial, and we think the previous killing, so closely connected in time and place with that for which the defendant was on trial, the condition of Hayden's body, the place and manner in which it was buried, and the manner and cause of his death, the doctor testifying that he was killed by a shot in the back of the head, all had a very material bearing upon the question of whether defendant's motive for killing Hart was self-defense or whether, as contended by the state, it was done in the attempt to conceal another brutal and cowardly murder. We conclude that the trial court properly admitted the evidence in regard to the Hayden killing."

In Leonard v. State, 17 Ariz. 293, 151 P. 947 (1915), the defendants were convicted of the murder of the City Marshal of Mesa. They claimed self-defense. It was held that the trial court properly admitted evidence of prior trouble the defendants had with the victim.

The trial court properly admitted the evidence of the defendant's prior act of misconduct both for impeachment and for negating the plea of self-defense.

The judgment of conviction is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.