UNITED STATES of America,
Appellee,

v.

Donald John GAMBERT, Appellant.

No. 12783.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1969.

Decided May 7, 1969.

---

Harvey L. Golden, Columbia, S. C., for appellant.

William B. Long, Jr., Asst. U. S. Atty. (Klyde Robinson, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

Claiming prejudice from a remark made by an Assistant United States Attorney in argument to the jury, Donald John Gambert appeals from a conviction of interstate transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312.

The appellant was charged with knowingly transporting a stolen Chrysler from New York to Columbia, South Carolina, on or about May 31, 1967. Direct evidence introduced at the trial indicated that the car had been rented from Avis Rent-A-Car at Newark Airport on May 8, 1967, by someone who called himself "Wolfe Spencer" and that Gambert had the car in his possession in Columbia in early June, 1967. The car was reported by Avis as stolen in August, 1967 and was recovered in Columbia in March, 1968. The Government produced only circumstantial evidence to show that the defendant transported the car across state lines and that he knew at the time that it was stolen, both necessary elements of the offense.

During closing argument, the defense attorney asserted that the Government had failed to prove its case. In response, the Government attorney stated:

He mentions also that I haven't proved—the government hasn't proved certain things, if we hadn't proved these things, if we hadn't proved this interstate transportation and whatnot, I wouldn't be arguing to you. I would be out of court, because the government has to prove what is in the indictment before it can ever come to your determination.

The defendant's counsel objected to the statement, but the court simply told the prosecutor to "go ahead." The latter then continued:

Of course what Mr. Golden [the defense counsel] is saying is that I said I had proved it. I don't mean proved it. You all are the ones to decide whether I have proved the facts under the law. But legally, I have satisfied the court that it can go to the jury for your determination.

In instructing the jury, the court made no specific reference to the challenged utterance, stating merely that the jury should apply the law as stated by the judge rather than as argued by counsel, and that the jury were sole judges of the facts. Appellant, contending that the remark was highly prejudicial and was not cured by the trial court, seeks reversal and a new trial.

■ The comment of the Assistant United States Attorney was certainly improper, suggesting as it did that the court had already passed on the defendant's guilt. Because of the court's failure either to sustain the defendant's objection and admonish the jury or give a specific curative instruction on the point, the jury may well have been left with the impression that the trial judge had been persuaded by the prosecution's case. In comparable circumstances, observations of this type by prosecuting attorneys have led to reversals. See, e.

g., State v. Cortez, 101 Ariz. 214, 418 P. 2d 370 (1966); People v. Moore, 9 Ill.2d 224, 137 N.E.2d 246 (1956).

With commendable candor the Assistant District Attorney concedes that his argument was improper. He maintains, however, that it was not prejudicial because of the strong evidence of guilt. We cannot agree that this is a case in which affirmance is appropriate because of the "overwhelming evidence of defendant's guilt." Butler v. United States, 191 F.2d 433 (4th Cir. 1951). We do not concur in this assessment. The evidence was not so one-sided, and the language complained of cannot be treated as a harmless transgression.

The Government produced no direct evidence that Gambert transported the car in interstate commerce. Moreover, there was no direct evidence either that it was the defendant who rented the car under the name "Wolfe Spencer" or that he later gained possession of the car and transported it in interstate commerce knowing it to be stolen. Two Government witnesses did testify that they had seen Gambert in possession of cards bearing the name "Wolfe Spencer," but cross-examination revealed the strong possibility that both of them were biased against the defendant. No other evidence was introduced to identify him as the man who rented the car from Avis, although another Government witness did testify that Gambert called him from New York the day before the car was rented at the Newark Airport. This witness also acknowledged that he had a strong dislike of the defendant.

To show that Gambert knew when he transported the vehicle in interstate commerce that it was stolen, the Government relied on evidence showing his possession of the car in Columbia and his unexplained abandonment of it in January, 1968. The evidence also showed, however, that the defendant drove the car around Columbia for approximately six months, during which time he made no attempt to conceal his possession, to alter the car's appearance, or to change the New York licence plates. He did not even remove the Avis rental sticker from the car door. A defense witness testified that Gambert had said that a third person who owed him $1,000 gave him the use of the car, and a Government witness partially corroborated the story.

In reviewing the evidence, we do not mean to suggest that it was insufficient, if believed, to sustain a conviction. The defendant's possession of the car and his unexplained abandonment of it in an apartment house parking lot in Columbia were circumstances from which the jury could infer that he was guilty beyond a reasonable doubt. See United States v. Costanzo, 395 F.2d 441 (4th Cir. 1968). However, when a jury verdict necessarily depends upon inferences from circumstantial evidence, the prejudicial impact of a suggestion that the trial judge believes the defendant to be guilty may be great indeed. It may well tip the balance against the accused.

In arguing a close case before the jury, it is manifestly unfair for the prosecutor to throw into the scales the weight of the judge's influence by intimating, even mildly, that the judge thinks the defendant guilty. When this occurred and defense counsel objected, the trial court failed to take corrective action but merely directed the prosecutor to "go ahead." One cannot, therefore, be certain that to the jury it did not seem that the court approved. The net effect may have been decisive in this case.

In the interest of fairness and in vindication of the defendant's right to trial by jury, the conviction cannot be permitted to stand and a new trial is awarded.

Judgment vacated and case remanded for a new trial.