516 P.2d 589

The STATE of Arizona, Appellee,

v.

Anthony Russell WOODWARD, Appellant.

No. 1 CA–CR 561.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 11, 1973.

**134**

Gary K. Nelson, Atty. Gen. by Stanley L. Patchell, Frank Galati, Asst. Attys. Gen., Phoenix, for appellee.

Stevenson, Warden, Smith & Brooks, by Robert W. Warden, Flagstaff, for appellant.

### OPINION

OGG, Judge.

The appellant Anthony Russell Woodward and his codefendant William Michael Tiermersma were tried by jury and both were found guilty of the crime of felony—possession of marijuana—in violation of ARS § 36–1002.05. The court placed Woodward on probation for one year and designated that the first six months be spent in the Coconino County Jail. He now brings this appeal from the judgment of conviction and the sentence imposed.

█ There are several allegations of error; however, it appears this case turns on the propriety of statements made by the deputy county attorney in his closing argument to the jury. At one point in the argument, while discussing the merits of the search warrant used, the deputy county attorney said: "You can bet the information they gave the judge was sufficient to get the judge to sign the warrant. If you think the jury hears all the evidence on this search warrant is [sic] a criminal case, you're crazy." This improper statement injected his personal opinion, commented upon matters not in evidence and inferred that the judge looked with favor on the prosecution of this case. State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965); State v. Hunt, 8 Ariz.App. 514, 447 P.2d 896 (1968). Referring to the strength of his case during the argument: "If this was a mere presence case, it wouldn't have got this far. The Court would have thrown

us out last week, but he hasn't." Again the prosecutor commented upon matters not in evidence and in this most prejudicial statement indicated the judge would have dismissed the case if he didn't believe the defendants were guilty. State v. Cortez, 101 Ariz. 214, 418 P.2d 370 (1966).

█ In his final words to the jury, the deputy county attorney further stated: "Mr. Verkamp [the attorney for Tiermersma, the co-defendant of the appellant] argued we were going to send this person to jail. Ladies and gentlemen, it was improper for him to argue that, but what happens to these defendants—I ask you to listen to this—is up to this man and his probation officer who'll write a presentence report and they will decide what is fair in this case, whether anybody goes to jail or not. I submit to you that Judge Wren will treat these people fairly if you find them guilty. Thank you." This was an improper comment on sentencing, referred to matters not in evidence and again inferred the judge and prosecutor were on the same team. State v. Hardin, supra; State v. Burnetts, 80 Ariz. 208, 295 P.2d 377 (1956).

█ The appellee argues that although these may have been improper arguments, they were invited comments encouraged by improper comments by defense counsel. This is often referred to as "fighting fire with fire" or "the door has been opened" and is a variant of the invited error rule. We recognize such a legal doctrine and agree that in the proper case it is not always error to have improper and immaterial evidence injected into the case. See Udall, Arizona Law of Evidence, Section 11 at page 20; State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011 (1951); Tucker v. Reil, 51 Ariz. 357, 77 P.2d 203 (1938). The fallacy of applying the rule in this case becomes apparent when the transcript reveals that all of the supposedly improper arguments of defense counsel were made by the attorney representing the co-defendant and not by the appellant's attorney. We have been unable to find a single case where the rule has

been applied in such a fact situation. It appears basically unfair and prejudicial to allow the prosecutor to inject improper material into the case "to fight fire with fire" when it is also being used against a co-defendant who had no part in starting the blaze. This fact situation presents an almost impossible dilemma to the trial judge who is trying more than one defendant in the same case.

In State v. Cortez, supra, the defense counsel argued it was the weakest case he had seen in a long time and in reply the prosecuting attorney said: "Had this been a weak case, the court would have directed us out." Our Supreme Court held that, although the argument of defense counsel was improper, it could not be considered sufficiently provocative to justify the prosecutor's reply.

It appears that all cases dealing with this subject hold such statements made by prosecuting attorneys as improper. 58 AmJur 2d, § 73 at page 264; 127 ALR 357. Some hold that it is not reversible error if the statement was provoked by defense counsel's argument or conduct. We have already discussed why we believe this does not apply to the facts in this case. Other courts hold that the error can be cured by striking the statement and instructing the jury to disregard or by instruction to the jury at the close of the case. In this case there was no objection made during the argument so the trial court never admonished the jury to disregard. A motion for mistrial was made at the close of the arguments. In the Cortez case an objection was made to the prosecutor's improper argument, but the trial court never ruled on the motion to strike and never admonished the jury to disregard. Although the Cortez case is similar, we do not have an Arizona case exactly on point. Our Supreme Court, in reversing the conviction in Cortez, discussed the improper statement of the prosecuting attorney: ". . . Had this been a weak case, the court would have directed us out." What the court said there has application to the facts of this case:

"There can be no question but what the prosecuting attorney's remarks were highly improper. They could, and probably did, give the jury the impression that the trial judge, by not directing a verdict for the appellant, had considered the evidence against him and believed that he was guilty." Supra 101 Ariz. at page 215, 418 P.2d at page 371.

■ It would have been better practice for the defense attorney to have objected to the improper statements at the time they were made rather than waiting until the close of the argument to move for a mistrial. State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970); State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955). However, we are all aware of the difficulty and futility of attempting to erase improper statements from a juror's mind by presenting an objection with a motion to strike. It is very doubtful in this case that the trial judge by any admonition or instruction could unring the bell and therefor the motion for mistrial should have been granted.

■ In Sullivan v. State, 47 Ariz. 224, 55 P.2d 312 (1936), our Supreme Court set forth the general criteria for determining if improper statements are unduly prejudicial:

"The best rule for determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case is, Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by those remarks." 47 Ariz. at 238, 55 P.2d at 317.

Any one of the improper statements taken alone might not have warranted a mistrial, but the cumulative effect was highly prejudicial with a strong probability that the statements influenced the jury verdict.

The judgment is reversed with directions to grant the appellant a new trial.

DONOFRIO, P. J., and STEVENS, J., concur.