23101

The STATE, Respondent v. Grover Lee SMITH, Appellant.
(387 S. E. (2d) 245)

Supreme Court

*William N. Epps, Jr.,* Anderson, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, *and Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Oct. 2, 1989.

Decided Nov. 13, 1989.

GREGORY, Chief Justice:

Appellant was convicted of murder and sentenced to life imprisonment. We reverse and remand for a new trial.

Appellant was indicted for the murder of Ricky Burdette whose body was found August 4, 1987. Before trial, appellant was also indicted for the murder of Mary Zou Pressley, who was discovered dead in her home on May 4, 1987. During appellant's trial for the Burdette murder, the State was allowed to introduce evidence regarding the murder of Mrs. Pressley in order to prove motive and common scheme or plan. Throughout trial, appellant objected to the admission of this evidence on the ground its prejudicial effect outweighed its probative value. He now appeals on this ground.

Ricky Burdette's body was found lying on a dirt road next to his white Ford Mustang with a shotgun lying at his feet. A handwritten note regarding the Pressley murder was found on the dashboard of the car.

The following evidence was admitted at trial concerning the Pressley murder. Mrs. Pressley was appellant's ex-wife's grandmother. Appellant's wife left him in April 1987 to live with a man named Howard Kirkland at 608 Edgemont Avenue in Greenville, South Carolina. On May 4, 1987, Mrs. Pressley was found dead. She had been struck twice in the head with an ax blade.

The next day, the sheriff's dispatcher received a telephone call from an anonyous male stating the man who killed Mrs. Pressley lived at 608 Edgemont Avenue and drove a black Buick with a license tag number SKB-528. When detectives went to that address, they found Howard Kirkland's black

Buick and obtained his consent to search it. Under the driver's seat was an ax which was later analyzed as having unidentified blood on it and hair consistent with that of Mrs. Pressley. The sheriff's dispatcher testified the voice of the anonymous male caller sounded like appellant's voice which she heard when he came to the sheriff's department the next day.

A neighbor of Howard Kirkland testified on May 5th she saw a man reaching into the black Buick through the driver's seat window. A faded blue car was parked nearby. Appellant was known to drive a faded blue car.

The evidence purportedly linking Mrs. Pressley's murder to that of Ricky Burdette is the handwritten note found in the victim's white Mustang at the scene of his death. The note states, "I killed Mary lou [sic] Pressley." It describes in detail the murder and subsequent planting of the ax in Howard Kirkland's Buick, concluding, "This [will] get my girl back for me." The note was signed "Victor Latham." It is undisputed the note was handwritten by the victim. Victor Latham, whose name is signed to the note, is not otherwise connected to any of the events relating to these murders.

The State's theory at trial was that appellant forced the victim to write the note before killing him in order to exculpate appellant for the Pressley murder.

Evidence of prior bad acts is admissible under *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923), if it tends to show motive or a common scheme or plan and its probative value outweighs its prejudicial effect.[1] This Court has recognized the danger of prejudice where the prior bad acts are not subject to conviction and has limited the State's use of this evidence. *See State v. Gore*, 283 S. C. 118, 322 S. E. (2d) 12 (1984); *State v. McClellan*, 283 S. C. 389, 323 S. E. (2d) 772 (1984); *State v. Smith*, 279 S. C. 440, 308 S. E. (2d) 794 (1983). To be admissible, proof of prior bad acts must be clear and convincing. *State v. Conyers*, 268 S. C. 276, 233 S. E. (2d) 95 (1977).

We find the evidence concerning Mrs. Pressley's murder should not have been admitted under *Lyle*. The proof ap-

---

[1] The five *Lyle* exceptions to inadmissibility of prior bad acts are: (1) motive; (2) intent; (3) absence of mistake or accident; (4) common scheme or plan; and (5) identity.

pellant committed that crime is not clear and convincing; in fact, there is no evidence placing him at the scene of the murder. The prejudice from the admission of this evidence far outweighs its probative value to demonstrate either motive or common scheme or plan in the Burdette murder. We hold evidence regarding Mrs. Pressley's murder is not admissible absent a conviction or clear and convincing proof that appellant committed that crime.

We dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23. Accordingly, the judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.