944 P.2d 1194

**STATE of Arizona, Appellee,**

v.

**Mario Amado TERRAZAS, Appellant.**

**No. CR–96–0467–PR.**

Supreme Court of Arizona,
En Banc.

Aug. 14, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Crane McClennen, Former Assistant Attorney General, Kent E. Cattani, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

MOELLER, Justice.

### FACTS AND PROCEDURAL HISTORY

On May 20, 1994, Timothy Sterns' truck was stolen from his place of employment. Six days later, a police detective told defendant, Mario Amado Terrazas, that he thought there were stolen vehicles on defendant's property. When defendant gave the detective permission to look around, the detective found the frame and glove box of Sterns' truck, both of which contained the truck's vehicle identification number. On a later

date, Sterns identified more parts of his truck among items that had been found on defendant's property. When the detective asked defendant about the pieces to Sterns' truck, defendant claimed that he had been gone for four days and, while he was away, the vehicle parts had been left on his property by an unknown individual.

Defendant waived his right to a jury trial. The state sought to introduce evidence of other crimes, wrongs, or acts, and defendant sought to exclude such evidence. The trial court stated that it would receive the evidence subject to a later ruling on admissibility.

The state proceeded to offer evidence of three earlier incidents which it alleged showed defendant had committed earlier criminal acts with which he had never been charged. The first involved a 1985 Chevrolet Blazer S–10 owned by Tommy Medina that was stolen in March 1993. At that time, a friend of Medina's saw someone driving Medina's truck onto defendant's property. The next day, Medina and the friend went with police onto defendant's property and located parts belonging to Medina's vehicle.

The second item involved Jennifer Vasquez' 1991 Chevrolet S–10 truck that had been stolen in 1992, two years before the truck involved in this case was stolen. When the Vasquez truck was stolen, there were several items in it, including a maroon backpack containing library books. While searching defendant's property in connection with the present case, a detective found a maroon backpack and three library books. He seized the books but not the backpack. The books proved to be the library books that had been in Vasquez' truck when it was stolen. No other connection between Vasquez' truck and defendant was shown.

The third item of alleged bad act evidence involved Richard Estrada's stolen truck. A police detective showed Estrada pictures of items found on defendant's property to determine whether they were parts of Estrada's truck. Estrada, however, could not make any positive identification.

At the end of the trial, the court relied on the other act evidence regarding Medina's Blazer and the books from Vasquez' truck, but disregarded evidence regarding Estrada's truck because of the lack of evidence connecting it to defendant.

The trial court found defendant guilty of class four felony theft, suspended his sentence, and placed defendant on probation. The court of appeals affirmed. We granted review and have jurisdiction pursuant to Arizona Constitution article VI, section 5(3) and Arizona Rules of Criminal Procedure 31.19.

## ISSUE

In Arizona, what level of proof is required to show prior bad acts in a criminal case, assuming such evidence is otherwise admissible?

## DISCUSSION

We granted review in this case to consider the level of proof trial judges should apply in determining whether to admit evidence of prior bad acts in a criminal case. We emphasize that this is a criminal case and is not intended to apply to civil cases, which present different considerations. This opinion assumes that all of the prerequisites for admission of the prior bad acts have been met and the only question remaining is with regard to the proper level of proof required for admission of those acts. At the trial court level, the defense argued for an admissibility standard similar to the standard set forth in *State v. Hughes*, 102 Ariz. 118, 426 P.2d 386 (1967). The defense stated that "there needs to be enough evidence of the prior bad act or wrong to survive a directed verdict." The trial judge, on the other hand, applied a standard closer to the preponderance standard enunciated in *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). The trial judge stated that the only amount of evidence necessary was "enough to link the defendant to what's going on." He did not require "substantial evidence or beyond a reasonable doubt," or enough evidence to "get past a directed verdict."

On appeal, the court of appeals noted that although this court had never affirmatively adopted the *Huddleston* preponderance stan-

dard, we had referred to the *Huddleston* case in some of our opinions. *State v. Terrazas*, 187 Ariz. 387, 390, 930 P.2d 464, 467 (App.1996). The court of appeals then applied *Huddleston*, holding that evidence of prior acts may be admitted "if the profferer produces sufficient proof to permit a factfinder to conclude, by a preponderance of the evidence, that the prior act occurred and that the party against whom the evidence is offered committed the act." *Id.* Upon consideration, we do not agree with the preponderance standard set forth in *Huddleston*, but hold that the standard to be applied to prior bad acts evidence is that set forth in *Hughes*, requiring proof by clear and convincing evidence.

■ Evidence of prior bad acts committed by a defendant is usually inadmissible at trial. Ariz. R. Evid. 404(b); *see Hughes*, 102 Ariz. at 122, 426 P.2d at 390; *State v. Garcia*, 96 Ariz. 203, 205, 393 P.2d 668, 670 (1964). However, evidence of prior bad acts may be admissible to establish "motive, intent, absence of mistake or accident, identity and common scheme or plan." *Hughes*, 102 Ariz. at 122, 426 P.2d at 390; Ariz. R. Evid. 404(b).[1] The issue presented in this case is by what standard these prior bad acts must be proved to be admissible against the defendant in a criminal case.

The first case to set forth the standard in Arizona was *State v. Hughes*. 102 Ariz. at 122–23, 426 P.2d at 390–91. In *Hughes*, this court noted that the overwhelming majority of other states required the proof to be "clear," or "clear and convincing," or that there must be "substantial proof" that the other crime was committed by the defendant. *Id.* The court stated that, whether the standard is given by any of these phrases, "the test appears to be that the proof both as to the commission of another crime and its commission by the defendant, must be by 'substantial evidence sufficient to take the case to

a jury.'" *Id.* at 123, 426 P.2d at 391 (quoting *State v. Hyde*, 234 Mo. 200, 136 S.W. 316, 331 (1911)). This court has subsequently cited and followed *Hughes*. *See, e.g., State v. Valles*, 162 Ariz. 1, 5, 780 P.2d 1049, 1053 (1989); *State v. McGann*, 132 Ariz. 296, 298, 645 P.2d 811, 813 (1982).

■ In 1977, Arizona adopted the Federal Rules of Evidence. Even so, "we are not bound by the United States Supreme Court's non-constitutional construction of the Federal Rules of Evidence when we construe the Arizona Rules of Evidence." *State v. Bible*, 175 Ariz. 549, 580, 858 P.2d 1152, 1183 (1993). The United States Supreme Court interpreted the standard of proof required to allow evidence of prior bad acts under Federal Rules of Evidence 104(b)[2] in *Huddleston*, 485 U.S. at 689–91, 108 S.Ct. at 1501–02. The standard adopted by the Supreme Court differs from the standard set forth in *Hughes*. *Huddleston* only requires a jury to be able to find the conditional fact by a preponderance of the evidence. *Id. Hughes* requires the judge to find the conditional fact by "substantial evidence sufficient to take the case to a jury." 102 Ariz. at 123, 426 P.2d at 391 (quoting *Hyde*, 136 S.W. at 331). Because both *Huddleston* and *Hughes* have been cited by this court, a question has arisen as to which standard should now be used in Arizona. We clarify that we did not adopt the preponderance standard set forth in *Huddleston*. Rather, we adhere to *Hughes* and clarify that, for prior bad acts to be admissible in a criminal case, the profferer must prove **by clear and convincing evidence** that the prior bad acts were committed and that the defendant committed the acts.

Although we have cited to *Huddleston*, we have not previously adopted the preponderance standard of *Huddleston*. When we last identified the issue, we declined to decide it.

---

1. Rule 404(b) states:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. Rule 104(b) states:
   When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or may admit it subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

*See State v. Schurz,* 176 Ariz. 46, 51–52, 859 P.2d 156, 161–62 (1993). In a few cases where we cited to *Huddleston,* we cited it merely to highlight the four factors that *Huddleston* identifies as safety precautions embedded within the Federal Rules of Evidence. *See State v. Gulbrandson,* 184 Ariz. 46, 60, 906 P.2d 579, 593 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2558, 135 L.Ed.2d 1076 (1996); *State v. Atwood,* 171 Ariz. 576, 638, 832 P.2d 593, 655 (1992). The protective provisions found in the rules of evidence are:

> (1) rule 404(b)'s requirement that the evidence be admitted for a proper purpose; (2) the relevancy requirement of rule 402; (3) the trial court's assessment that the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice, *see* rule 403; and (4) rule 105's provision for an appropriate limiting instruction, if the party requests one.

*Atwood,* 171 Ariz. at 638, 832 P.2d at 655. We continue to agree with these four protective provisions. They are, in essence, merely a restatement of part of the Federal Rules of Evidence. *See State v. Roscoe,* 184 Ariz. 484, 493, 910 P.2d 635, 644 (stating that the four factors are "[f]our rules of evidence [that] protect defendants from the admission of unfairly prejudicial other acts . . . ."), *cert. denied,* —— U.S. ——, 117 S.Ct. 150, 136 L.Ed.2d 96 (1996).

We also cited *Huddleston* in support of our holding in *State v. Williams,* 183 Ariz. 368, 378, 904 P.2d 437, 447 (1995). In *Williams,* we said that "[e]vidence whose relevancy depends on the fulfillment of a condition of fact is admissible when a jury could reasonably believe from the evidence that the condition was fulfilled." *Id.* We realize that this language may have caused some ambiguity. However, in *Williams,* we were only addressing an issue of admissibility, not the required level of proof. Now that the issue of the level of proof is squarely presented, we hold that *Hughes* is still good law.

We further hold that *Hughes* was not overruled by our adoption of the Arizona Rules of Evidence in 1977, which are patterned after the Federal Rules of Evidence. This court has continued to apply *Hughes* after the adoption of the Arizona Rules of Evidence. *See Valles,* 162 Ariz. at 5, 780 P.2d at 1053; *McGann,* 132 Ariz. at 298, 645 P.2d at 813; *State v. Woods,* 121 Ariz. 187, 190, 589 P.2d 430, 433 (1979); *State ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 576, 583 P.2d 229, 232 (1978). No conflict is present between the Rules of Evidence and the *Hughes* standard; the standard does not change the Rules, but merely provides a standard that must be met to admit the evidence under the Rules.

Many other courts require clear and convincing proof of evidence of prior bad acts (both that the act occurred and that the defendant committed the act) before they will allow the evidence to be admitted. *Johnson v. United States,* 683 A.2d 1087, 1093 (D.C.App.1996) *cert. denied,* —— U.S. ——, 117 S.Ct. 1323, 137 L.Ed.2d 484 (1997); *Phillips v. State,* 591 So.2d 987, 989 (Fla.App. 1991); *State v. Jackson,* 625 So.2d 146, 149 (La.1993); *Ayers v. State,* 335 Md. 602, 645 A.2d 22, 37 (1994); *State v. Spaeth,* 552 N.W.2d 187, 193 (Minn.1996); *State v. Wilson,* 5 Neb.App. 125, 556 N.W.2d 643, 652 (1996); *State v. Smith,* 300 S.C. 216, 387 S.E.2d 245, 247 (1989); *State v. McCary,* 922 S.W.2d 511, 514 (Tenn.1996); *see also State v. Cohen,* 634 A.2d 380, 386 (Del.Super.1992); *People v. Oaks,* 169 Ill.2d 409, 215 Ill.Dec. 188, 208, 662 N.E.2d 1328, 1348 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 191, 136 L.Ed.2d 129 (1996) (requiring less than a reasonable doubt but "more than mere suspicion"); *State v. Howell,* 557 N.W.2d 908, 911 (Iowa App.1996) (requiring "clear proof"); *Winiarz v. State,* 107 Nev. 812, 820 P.2d 1317, 1321 (1991); *State v. Michaud,* 135 N.H. 723, 610 A.2d 354, 356 (1992) (requiring "clear proof" "firmly establishing"); *Daniel v. State,* 923 P.2d 728, 734 (Wyo.1996).

However, a number of states have chosen to apply a "preponderance"-type standard. *See Ex Parte Hinton,* 548 So.2d 562, 567 (Ala.1989); *People v. Garner,* 806 P.2d 366, 370 (Colo.1991); *State v. Kay,* 129 Idaho 507, 927 P.2d 897, 905 (App.1996); *State v. Krause,* 82 Wash.App. 688, 919 P.2d 123, 126 (1996); *see also Hawks v. State,* 223 Ga.App. 890, 479 S.E.2d 186, 188 (1996) (state made "sufficient showing" that defendant committed the crimes); *State v. Wilson,* 108

N.C.App. 117, 423 S.E.2d 473, 476 (1992) (requiring "substantial evidence"); *State v. McDonald,* 500 N.W.2d 243, 246 (S.D.1993) (requiring "substantial evidence"); *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516, 525 (1994). Additionally, one state applies the standard of "beyond a reasonable doubt." *See Harrell v. State,* 884 S.W.2d 154, 157 (Tex.Crim.App.1994).

We believe there are important reasons to apply a clear and convincing standard, rather than some lesser standard, to evidence of prior bad acts. Such evidence is quite capable of having an impact beyond its relevance to the crime charged and may influence the jury's decision on issues other than those on which it was received, despite cautionary instructions from the judge. Note, *Winship on Rough Waters: The Erosion of the Reasonable Doubt Standard,* 106 Harv. L.Rev. 1093, 1103 (1990). Studies confirm that the introduction of a defendant's prior bad acts "can easily tip the balance against the defendant." Edward J. Imwinkelried, *Uncharged Misconduct Evidence,* 1–SUM Crim. Just. 6, 8 (1986). Because of the high probability of prejudice from the admission of prior bad acts, the court must ensure that the evidence against the defendant directly establishes "that the defendant took part in the collateral act, and to shield the accused from prejudicial evidence based upon 'highly circumstantial inferences.' " Vivian M. Rodriguez, *The Admissibility of Other Crimes, Wrongs or Acts Under the Intent Provision of Federal Rule of Evidence 404(B): The Weighing of Incremental Probity and Unfair Prejudice,* 48 U. Miami L.Rev. 451, 457 (1993). Applying the standard of "clear and convincing evidence" establishes a "clear, recognizable standard for courts and lawyers and is consistent with the due process owed under the federal and state constitutions." *Smith v. State,* 267 Ga. 363, 478 S.E.2d 379, 381 (1996) (Fletcher, P.J., concurring). To allow a lesser standard in a criminal case is to open too

large a possibility of prejudice. We have recently noted the potentially prejudicial effects of prior bad acts evidence and cautioned trial courts and counsel to exercise extreme care in its use, even where it is admissible. *State v. Ives,* 187 Ariz. 102, 111, 927 P.2d 762, 771 (1996). Therefore, before admitting evidence of prior bad acts, trial judges must find that there is clear and convincing proof both as to the commission of the other bad act and that the defendant committed the act.[3]

■ In this case, library books that had been located in a truck stolen two years earlier were found on defendant's property. We believe that this evidence is not clear and convincing proof that defendant controlled the stolen truck, knowing or having reason to know that the truck was stolen. Therefore, evidence concerning the books was improperly admitted and used.

## CONCLUSION

■ The trial judge relied on prior bad act evidence in determining defendant's guilt and stated that he probably would have reached a different conclusion if he had not received and considered prior bad act evidence. We cannot determine how the judge would have decided the case had he not received and considered improper bad act evidence. Therefore, defendant's conviction and sentence must be set aside and the case remanded for a new trial consistent with this opinion.

ZLAKET, C.J., and FELDMAN, J., concur.

JONES, Vice Chief Justice, specially concurring.

I concur with the reasoning and the result reached by the majority but make the following observations with respect to the dissenting opinion.

Even though the Rules of Evidence control in a conflict with prior cases, it must first be

---

**3.** In arriving at this conclusion, we are aware that, in federal courts, the fact that the defendant has been charged with and acquitted of the prior bad acts does not necessarily preclude their admission. *Dowling v. United States,* 493 U.S. 342, 348, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990).

Assuming, without deciding, that Arizona would opt for a similar rule, it is not inconsistent with the rule we apply in this case, as the earlier acquittal could be based upon the failure of the state to have proved the prior bad acts beyond a reasonable doubt.

clear that a conflict exists. It would be inappropriate for this court to ignore precedent and fail to glean added perspective and meaning on matters that, as explained below, are not addressed in the Rules and do not present a conflict.

The current Rules of Evidence provide no guidance with respect to the standard of proof to be applied in determining the admissibility of "other crimes" evidence. Rule 104(b) requires that when relevancy depends upon fulfillment of a condition of fact, evidence is admissible only upon proof that supports a finding of the fulfillment of the condition. Nothing in Rule 104(b) suggests, implicitly or otherwise, what the standard for admissibility should be. Similarly, Rule 403, which provides for the exclusion of unduly prejudicial evidence even where relevant, does not articulate the standard of admissibility at issue here. It provides only for the weighing process as between relevance and prejudice. Rule 404(b), reflecting the common law, preserves and states the general rule that evidence of "other crimes" remains inadmissible unless shown to fall within one or more of the specific categories set forth in the Rule.

I acknowledge that "other crimes" evidence is admissible in Arizona if the three conditions set forth under Rules 104(b), 403, and 404(b) are met. Such acknowledgment, however, neither addresses nor resolves the issue now presented, namely, whether the standard for admissibility should be by evidence that is "clear and convincing" or by evidence that merely satisfies the lower "preponderance" test. The dissent indicates that the Rules do not speak of a higher standard for the admissibility of "other crimes" evidence. But neither do the Rules speak of a lower standard. Because of this, I conclude that the question of the choice of standard, as noted by the majority, is squarely presented and must now be resolved.

The Arizona Rules of Evidence do not conflict with *State v. Hughes.* Quite clearly, Justice Lockwood, who authored *Hughes,* left unexplored the "preponderance" standard urged by the dissent. Contrary to the view expressed by our dissenting justice, the phrase "substantial evidence sufficient to take the case to a jury" was equated by Justice Lockwood with the "clear" or "clear and convincing" standard, as is evident from the following pronouncement:

> Regardless of whether the words "clear," "clear and convincing," or "substantial proof" are used, the test appears to be that the proof both as to the commission of another crime and its commission by the defendant, must be by "substantial evidence sufficient to take the case to a jury."

*State v. Hughes,* 102 Ariz. 118, 123, 426 P.2d 386, 391 (1967) (citations omitted). Justice Lockwood nowhere mentions the "preponderance" standard. Interestingly, she did point out that some jurisdictions had opted for the "beyond a reasonable doubt" standard, which is significantly higher than the "clear and convincing" standard. *See Hughes,* 102 Ariz. at 122–23, 426 P.2d at 390–91.

Read in context, it is my impression that if *Hughes* had considered the "preponderance" standard, it would have rejected it and found that the standard requiring "clear and convincing" evidence was the appropriate measure by which to determine admissibility of "other crimes" evidence. Otherwise, I question why Justice Lockwood would state that "the overwhelming weight of authority in other jurisdictions is that proof of a prior reported crime, and the defendant's connection with it, must be 'clear', . . . or 'clear and convincing' or that there must be 'substantial proof' that the other crime has been committed by the defendant, . . . ." *Id.,* 102 Ariz. at 122, 426 P.2d at 390.

Our dissenting justice incorrectly implies that *Hughes* adopted a standard lower than clear and convincing. He refers to "only enough evidence to defeat a motion for directed verdict" and defines that standard by citing a civil case, *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990), not applicable here, thus ignoring relevant authority in the criminal sector. The case at bar is a criminal case, and the holding of the majority does not apply in civil cases but is expressly confined to the criminal forum.

Rule 20, Arizona Rules of Criminal Procedure, states: "[T]he court shall enter a judgment of acquittal . . . if there is no *substan-*

*tial evidence* to warrant a conviction." In *State v. Spears,* a unanimous 1996 opinion, this court stated in the context of Rule 20: "*Substantial evidence* is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt *beyond a reasonable doubt.*" 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (emphasis added), *cert. denied,* — U.S. —, 117 S.Ct. 393, 136 L.Ed.2d · 308 (1996). Accordingly, while *Hughes* chose a standard for "other crimes" evidence that is lower than "beyond a reasonable doubt," the court did require, at the very least, "*substantial evidence* sufficient to take the case to a jury." By equating the term "substantial evidence" with the "clear and convincing" standard, *Hughes* appears to have avoided the "preponderance" standard.

Arizona joins other jurisdictions that, in recent years, have determined to follow the "clear and convincing" standard for the admissibility of "other crimes" evidence. *See, e.g., Delaware v. Cohen,* 634 A.2d 380, 386 (Del.Super.Ct.1992) ("To be admissible in trial where guilt or innocence is determined, other 'bad acts' or crimes must be established by evidence which is '*plain, clear,* and *conclusive*'."); *Phillips v. Florida,* 591 So.2d 987, 989 (Fla.Dist.Ct.App.1991) ("Mere suspicion is insufficient; rather, the proof should be '*clear and convincing*'."); *Ayers v. Maryland,* 335 Md. 602, 645 A.2d 22, 37 (1994) ("Admission of other crimes evidence must be closely scrutinized by courts"; "If one or more exceptions [to the rule] applies, the next step is to decide whether the accused's involvement in other crimes is established by *clear and convincing* evidence...."); *Minnesota v. Spaeth,* 552 N.W.2d 187, 193 (1996) (trial court must find "*clear and convincing* evidence" that defendant participated in other incidents); *Winiarz v. Nevada,* 107 Nev. 812, 820 P.2d 1317, 1321 (1991) ("Before evidence of prior bad acts may be admitted, there must be *clear and convincing* evidence that such acts actually occurred."); *New Hampshire v. Michaud,* 135 N.H. 723, 610 A.2d 354, 356 (1992) (trial court must determine that "(1) the evidence is relevant for a purpose other than to prove character or disposition; (2) there is "*clear proof*" that the defendant committed prior offense; and (3) the prejudice to the defendant does not substantially outweigh the probative value of the evidence"); *Daniel v. Wyoming,* 923 P.2d 728, 734 (1996) (trial court must consider, *inter alia,* "[t]he extent to which the prosecution '*plainly, clearly,* and *conclusively*' can prove the other similar crimes") (all emphasis added).

I favor the "clear and convincing" standard over the "preponderance" rule. The latter would, I believe, create a significant risk of unfair prejudice whenever evidence of "other crimes" is circumstantial or remote, as here and as in *Hughes.* The prejudicial impact in *Hughes* was the very thing that prompted this court to hold that "other crimes" evidence had been improperly admitted by the trial court. The "clear and convincing" standard, in my view, is more likely to accomplish substantial justice.

Moreover, we cannot overlook the common law, which held that evidence of other crimes or prior bad acts was considered prejudicial and thus inadmissible because it tended to distract the attention of the jury from properly considering the issues presented on the merits of the case being tried, resulting in verdicts based on false issues. These concerns have not disappeared with the passage of time. Only in limited circumstances was "other crimes" evidence admissible at common law to establish such things as motive, intent, identity, mistake, etc. All of these are preserved in the current Rule 404(b).

Finally, the second to last sentence in the dissent characterizes the majority as adopting an "overly cautious approach to the admission of 'other act evidence'" and states that this is "a view not shared by those who drafted the Federal and Arizona Rules of Evidence." This assertion is inaccurate. Concern over "other crimes" evidence is deeply rooted in the common law and neither begins nor ends with the view of this court. The rule of exclusion applicable to evidence of "other crimes" was calculated to produce fairness at trial, and while adjustments to the rule may occur from time to time, it is not accurate to presume that the safeguards contemplated by the majority are no longer necessary. Concern for the integrity of the trial process is neither a subjective nor per-

sonal consideration but the court's constitutionally mandated duty. Contrary to the dissenter's stated view, the majority's jurisprudential concern over the admissibility of this kind of evidence was and is shared by the drafters of the Rules as manifested by the exclusionary language of Rule 404(b) that preserves the general rule of inadmissibility.

I read Rule 404(b) as a rule of exclusion. The rule expressly declares that evidence of other crimes is not admissible when offered "to prove the character of a person in order to show action in conformity therewith." This preserves the rule of the common law. Here, the majority simply holds that in criminal cases, courts should apply the *clear and convincing* standard when determining the admissibility of "other crimes" evidence under any stated exception to the rule.

MARTONE, Justice, dissenting.

The majority approaches this case as one involving conflicting standards. It reads *State v. Hughes*, 102 Ariz. 118, 426 P.2d 386 (1967), as conditioning the admission of "other act" evidence on a finding by the judge that the defendant committed the other act by clear and convincing evidence. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), requires a judge to find that a jury could reasonably conclude by a preponderance of the evidence that the defendant committed the other act.

I do not agree with the majority's reading of *Hughes*. Nor do I agree that *Hughes* necessarily conflicts with *Huddleston*. But if a conflict exists, there are four reasons to favor *Huddleston*: (1) it is consistent with our Rules of Evidence; (2) it achieves uniformity between the state and federal rules; (3) the fear of prejudice expressed by the majority is already protected by Rule 403, Ariz. R. Evid.; and (4) unlike the majority here, it does not confuse a standard applicable to the ultimate burden of persuasion with a preliminary question of admissibility.

1. *State v. Hughes*

Before our adoption of the Rules of Evidence, preliminary questions concerning the admissibility of "other act" evidence were resolved under the following standard: "the proof both as to the commission of another crime and its commission by the defendant, must be by 'substantial evidence sufficient to take the case to a jury.'" *Hughes*, 102 Ariz. at 123, 426 P.2d at 391 (quoting *State v. Hyde*, 234 Mo. 200, 136 S.W. 316, 331 (1911)). The meaning of this language remains uncertain over three decades later.

The trial judge in the present case applied a standard "closer to the preponderance standard." *Ante*, at 581, 944 P.2d at 1195. The defendant argued that the *Hughes* standard requires only "enough evidence of the prior bad act or wrong to survive a directed verdict." *Id.* A directed verdict requires more than a mere "scintilla" of evidence but substantially less than clear and convincing evidence. A motion for directed verdict "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

In adopting the clear and convincing standard for the admission of "other act" evidence, the majority purports to adopt and clarify the *Hughes* standard. But *Hughes* provides as follows:

While in some jurisdictions it has been held that evidence of a prior crime must be such that *the jury would believe* beyond a reasonable doubt that the defendant had committed it, the overwhelming weight of authority in other jurisdictions is that proof of a prior purported crime, and the defendant's connection with it, must be "clear", or "clear and convincing", or that there must be "substantial proof" that the other crime has been committed by the defendant. Regardless of whether the words "clear", "clear and convincing" or "substantial proof" are used, the test appears to be that the proof both as to the commission of another crime and its commission by the defendant, must be by "substantial evidence sufficient to take the case to a jury."

102 Ariz. at 122–23, 426 P.2d at 390–91 (citations omitted) (emphasis added).

Two critical admissibility issues are addressed in *Hughes*. First, *Hughes* speaks in terms of *whether a jury could conclude* that the other act was committed and that it was committed by the defendant. *Hughes* does not require the judge to conclude that the crime was committed and that it was committed by the defendant. *Hughes* does not support the majority's position that *"the judge [must] find the conditional fact* by 'substantial evidence sufficient to take the case to a jury.'"  *Ante*, at 582, 940 P.2d at 1196 (emphasis added).  The judge decides only whether a jury could find that the defendant committed the other act.

Second, *Hughes* does not adopt the "clear and convincing" standard.  It appears to adopt the "substantial evidence" standard.  No case cited by the majority supports the proposition that *Hughes* requires clear and convincing evidence.  *See State v. Valles*, 162 Ariz. 1, 5, 780 P.2d 1049, 1053 (1989); *State v. McGann*, 132 Ariz. 296, 298, 645 P.2d 811, 813 (1982); *State v. Woods*, 121 Ariz. 187, 190, 589 P.2d 430, 433 (1979); *State ex rel. LaSota v. Corcoran*, 119 Ariz. 573, 576, 583 P.2d 229, 232 (1978).  In fact, no such case exists.  Every case in which this court has determined admissibility under *Hughes* has required "substantial evidence sufficient to take the case to a jury."  *See e.g., State v. Marahrens*, 114 Ariz. 304, 307, 560 P.2d 1211, 1214 (1977); *State v. Mitchell*, 112 Ariz. 592, 594, 545 P.2d 49, 51 (1976).  If we are to assume that *Hughes* means what it says, the defendant in the present case is correct in asserting that *Hughes* requires only enough evidence to defeat a motion for directed verdict.

But whatever *Hughes* means, it addressed the admissibility of "other act" evidence under the common law.  Arizona adopted the Rules of Evidence in 1977.  The Rules control over any conflict between them and our prior cases.  *State v. Schurz*, 176 Ariz. 46, 51 n. 2, 859 P.2d 156, 161 n. 2 (1993).  Thus, our focus should be on the admission of "other act" evidence under the Arizona Rules of Evidence.

### 2. Arizona Rules of Evidence

"Other act" evidence, where otherwise admissible, is relevant only if the evidence tends to prove that the other act occurred and that the defendant was the actor.  *State v. Mott*, 187 Ariz. 536, 545, 931 P.2d 1046, 1055, *cert. denied,* — U.S. ——, 117 S.Ct. 1832, 137 L.Ed.2d 1038 (1997) (citing *Huddleston*, 485 U.S. at 689, 108 S.Ct. at 1501).  It is, thus, conditionally relevant.  Preliminary questions concerning the admissibility of conditionally relevant evidence, such as "other act" evidence, are resolved under Rule 104(b), Ariz. R. Evid. *Id.; see also State v. Williams*, 183 Ariz. 368, 378, 904 P.2d 437, 447 (1995); *Huddleston*, 485 U.S. at 689, 108 S.Ct. at 1501.  Conditionally relevant evidence shall be admitted upon or may be admitted subject to "the introduction of evidence sufficient to support a finding of the fulfillment of the condition."  Rule 104(b), Ariz. R. Evid. Rule 104(b) does not call upon the judge to determine whether the commission of the other act by the defendant has been proven by the appropriate standard.  The judge merely determines whether a jury could find that the defendant committed the act by the appropriate standard.

There is no *per se* exclusionary rule for "other act" evidence offered for a proper purpose.  10 *Moore's Federal Practice* ¶ 404.01[5.—2] (2d ed.1996).  To the contrary, the drafters of the Rules of Evidence developed a rule of inclusion, excluding "other act" evidence under Rule 404(b) only when offered for the sole purpose of proving character.  *See Huddleston*, 485 U.S. at 687–88, 108 S.Ct. at 1500; *see also* Morris K. Udall & Joseph M. Livermore, *Arizona Practice: Law of Evidence* § 84, at 178 (2d ed.1982); Crane McClennen, *Admission of Evidence of Other Crimes, Wrongs, or Acts Under Rule 404(b)—It's Time to Start Following the Rules*, Ariz. Att'y, June 1990, at 13, 13.  Nor do the Rules speak of a higher standard for Rule 404(b) evidence.  Protection against unfair prejudice is provided by Rule 403, under which "other act" testimony may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice."

Thus, under the Arizona Rules of Evidence, "other act" evidence is admissible if

three conditions are met: (1) the evidence is relevant under Rule 402—as enforced through Rule 104(b); (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (3) the evidence is admitted for a proper purpose under Rule 404(b) or otherwise. *Huddleston,* 485 U.S. at 691, 108 S.Ct. at 1502. Additional protection is afforded under Rule 105, which entitles the defendant to a limited admissibility instruction. *Id.* at 692, 108 S.Ct. at 1502. These protections are inherent in the Rules themselves. The only real issue is what constitutes "evidence sufficient to support a finding" under Rule 104(b).

Preliminary factual findings under Federal Rule 104 are subject to the preponderance of the evidence standard. *Huddleston,* 485 U.S. at 690, 108 S.Ct. at 1501; *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Rule 104(b) requires the court to "examine[ ] all the evidence in the case and decide[ ] whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence." *Huddleston,* 485 U.S. at 690, 108 S.Ct. at 1501.

Although we are not bound by Supreme Court cases when we construe the Arizona Rules of Evidence, they are "instructive" and "persuasive." *Orme,* 166 Ariz. at 304, 802 P.2d at 1003. "We ... subscribe to the principle that uniformity in interpretation of our rules and the federal rules is highly desirable." *Id.* Because the language is the same, we should achieve consistency with the Federal Rules of Evidence absent a compelling reason to the contrary.

The majority imposes the higher clear and convincing standard because of a fear of prejudice. But "the protection against such unfair prejudice emanates not from a requirement of a preliminary factual finding by the trial court" but from the four *Huddleston* factors. *Huddleston,* 485 U.S. at 691, 108 S.Ct. at 1502.

This court has repeatedly acknowledged the sufficiency of these protections. In *State v. Atwood,* 171 Ariz. 576, 638, 832 P.2d 593, 655 (1992), we determined that the four protections set out in *Huddleston* "afforded all the protection due a criminal defendant against whom evidence of prior bad acts is admitted." In *State v. Williams,* 183 Ariz. 368, 377, 904 P.2d 437, 446 (1995), we again used the four *Huddleston* factors to determine that the "other act" evidence was properly admitted. We rejected the defendant's claim that "the state did not produce evidence sufficient to show that he committed the acts," concluding that all that was required was a finding that "a jury could reasonably believe from the evidence" that the defendant committed the act. *Id.* at 377, 378, 904 P.2d at 446, 447. We used *Huddleston* in *State v. Gulbrandson,* 184 Ariz. 46, 60–61, 906 P.2d 579, 593–94 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2558, 135 L.Ed.2d 1076 (1996), in reviewing the propriety of admitting Rule 404(b) evidence. In *State v. Roscoe,* 184 Ariz. 484, 493, 910 P.2d 635, 644, *cert. denied,* —— U.S. ——, 117 S.Ct. 150, 136 L.Ed.2d 96 (1996), we concluded that the four inherent protections of the Rules of Evidence were sufficient to protect a defendant from the admission of unfairly prejudicial "other act" testimony. This very term, we recognized that *Huddleston* had been adopted by this court in *Atwood,* and we again resolved the admission of "other act" evidence under the four *Huddleston* factors. *State v. Mott,* 187 Ariz. 536, 545–46, 931 P.2d 1046, 1055–56, *cert. denied,* —— U.S. ——, 117 S.Ct. 1832, 137 L.Ed.2d 1038 (1997).

Not surprisingly, these decisions have led the legal community to believe that "Arizona has adopted the four-part test for the admission of other act evidence as set forth by the United States Supreme Court in *Huddleston v. United States,* in both criminal and civil cases." Robert L. Gottsfield, *We Just Don't Get It: Improper Admission of Other Acts Under Evidence Rule 404(b) as Needless Cause of Reversal in Civil and Criminal Cases,* Ariz. Att'y, April 1997, at 24, 25.

Our cases adopting and applying *Huddleston* are legion. Why abandon our approach now, when we know that "nothing [suggests] that admissibility rulings have been unreliable or otherwise wanting in quality because not based on some higher standard." *Bourjaily,* 483 U.S. at 175–76, 107 S.Ct. at 2779 (quoting *Lego v. Twomey,* 404 U.S. 477, 488,

**590**

92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972)). This is especially true where we know that a more stringent standard will have the undesirable effect of artificially restricting the admissibility of relevant evidence. Richard D. Friedman, *Conditional Probative Value: Neoclassicism Without Myth*, 93 Mich. L.Rev. 439, 446 (1994).

Logic, too, counsels against engrafting a clear and convincing standard onto Rule 104(b). Rule 104(b) applies to both criminal and civil cases. If "evidence sufficient to support a finding of the fulfillment of the condition" means evidence proved by clear and convincing evidence, then the standard for *admissibility* in civil cases would be higher than the ultimate burden of proof. This makes no sense. Nor would it make sense to use a different standard in civil cases: the common language of Rule 104(b)—"evidence sufficient to support a finding"—would then have two different meanings.

It is analytically unsound to transpose a proof standard to an admissibility setting. That a higher burden of proof exists in the criminal context does not alter this reality. The admissibility standard "is unrelated to the burden of proof on the substantive issues, be it a criminal case or a civil case." *Bourjaily*, 483 U.S. at 175, 107 S.Ct. at 2778 (citations omitted). The ultimate burden of persuasion has nothing to do with the threshold question of admissibility. "[T]here is no logical connection between the standard appropriate in the two situations." Dale A. Nance, *Conditional Relevance Reinterpreted*, 70 B.U. L.Rev. 447, 458 (1990).

Nothing in the Rules of Evidence requires, or even suggests, the application of a clear and convincing standard to questions of admissibility. The only justification the majority offers is its fear of prejudice. But that arises from its overly cautious approach to the admission of "other act" evidence, a view not shared by those who drafted the Federal and Arizona Rules of Evidence. I respectfully dissent.