NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL DWIGHT TURNER, *Appellant.*

No. 1 CA-CR 14-0403
FILED 6-16-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-452674-001
The Honorable Robert L. Gottsfield, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R, Judge**:

**¶1**        Michael Dwight Turner appeals his convictions and sentences for aggravated assault and resisting arrest.  For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**[1]

**¶2**        Police stopped Turner for speeding and ordered him off his motorcycle after he ignored repeated commands to keep his hands in sight and stop reaching toward the front of the bike.  During the entire encounter, Turner was "extremely belligerent," and repeatedly called the officers "repetitive monkeys, fucking assholes, and bullies with a badge."

**¶3**        After he got off the motorcycle at the officer's command, Turner started walking away from the officer, into the street. When Officer C.R. came around in front of Turner to order him to sit on the curb, Turner pushed Officer C.R. and told him "to get the fuck out of his way."  Turner struggled, kicked, and screamed, as Officer C.R. and his partner attempted to arrest and handcuff Turner.

**¶4**        Turner denied speeding, pushing Officer C.R., or resisting arrest, and agreed only that he had repeatedly used foul language and had called Officer C.R. a "repetitive monkey" and a "bully with a badge."  He claimed police had repeatedly harassed him because he rode a Harley-Davidson motorcycle and wore a vest with a support patch for the Hell's Angels motorcycle club.

**¶5**        The jury convicted Turner of the charged offenses of aggravated assault and resisting arrest and the court imposed two years' probation.  Turner filed a timely notice of appeal and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A)(1) (2010).

---

[1]        We view the trial evidence in the light most favorable to sustaining the jury's verdicts. *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

## DISCUSSION

**I.    Other Act Evidence**

**¶6**    Turner argues that the trial court abused its discretion by admitting evidence that a knife was found in the area of the motorcycle where Turner had been reaching, and that other knives were found in his pocket, arguing that it was "other act" evidence not admissible as "intrinsic evidence" or for any proper purpose under Arizona Rule of Evidence ("Rule") 404(b).  Turner objected at trial that the knife on the motorcycle evidence was not relevant, and that its admission would be unfairly prejudicial.  The State argued that the evidence was relevant to show Turner's state of mind and/or intent, and to show that the officer's concern over maintaining sight of Turner's hands was a valid concern, as relevant to the officer's credibility. The trial judge overruled the objection, reasoning: "Yeah, I agree with the State. I think it's not a 404(b) problem. I think it's intrinsic evidence and I think it explains their actions and his actions, so I'll deny it." Turner later lodged the "same objection" to the knives found in his pocket, which the judge also overruled.

**¶7**    We review rulings on the admissibility of other act evidence for abuse of discretion.  *State v. Mott,* 187 Ariz. 536, 545, 931 P.2d 1046, 1054 (1997). We may affirm the superior court "on any grounds which were within the issues." *State v. Dugan*, 113 Ariz. 354, 357, 555 P.2d 108, 110 (1976).  Because Turner objected at trial only on grounds of lack of relevance and unfair prejudice, we review his argument that this evidence was inadmissible other act evidence for fundamental error only.  *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005); *State v. Bolton,* 182 Ariz. 290, 304, 896 P.2d 830, 844 (1995) (holding that objection on grounds of lack of foundation and speculation did not preserve objection that admission of evidence violated confrontation right).  On fundamental error review, the defendant bears the burden of establishing that the court erred, that the error was fundamental in nature, and that he was prejudiced thereby. *Henderson,* 210 Ariz. at 568, ¶ 22, 115 P.3d at 608.

**¶8**    The trial court did not err by admitting evidence of the knives, much less fundamentally err causing Turner prejudice.  The State charged Turner with aggravated assault under A.R.S. § 13-1204(A)(8)(a) (Supp. 2014)[2] and A.R.S. § 13-1203(A)(3) (2010) for knowingly touching the officer "with the  intent to injure, insult or provoke such person."  A trial court has discretion to admit other act evidence as "intrinsic evidence" if it: "(1) directly proves the charged act, or (2) is performed contemporaneously with and directly facilitates commission of the

---

[2]    We cite the current version of the applicable statute because no revisions material to this decision have since occurred.

charged act." *State v. Ferrero,* 229 Ariz. 239, 243, ¶ 20, 274 P.3d 509, 513 (2012). The act of Turner reaching for the knife did not "directly prove" the assault; nor did he reach for the knife at the same time he pushed the officer, to facilitate the pushing. Evidence that Turner was reaching for a knife accordingly was not "intrinsic evidence." *See id.*

**¶9** Evidence from which a jury could infer that Turner was reaching for the knife on the motorcycle, and evidence that he had other knives in his pockets, however, was admissible as other act evidence. A trial court has discretion to admit other act evidence under Rule 404(b) if the State has proved by clear and convincing evidence that the defendant committed the other act, *State v. Terrazas,* 189 Ariz. 580, 584, 944 P.2d 1194, 1198 (1997), it is offered for a purpose other than to show propensity to commit the charged act, it is relevant under Rule 402, its relevance is not substantially outweighed by potential for unfair prejudice under Rule 403, and the court provides a limiting instruction if requested under Rule 105. *See Mott*, 187 Ariz. at 545, 931 P.2d at 1055; Ariz. R. Evid. 404(b).

**¶10** The State showed by clear and convincing evidence that Turner was reaching for the knife: both officers C.R. and F.C. testified that Turner was reaching in the area where the knife was kept, and Turner acknowledged that he knew the knife was there. The State similarly showed by clear and convincing evidence that Turner had two more knives in his right front pocket—including through Turner's own testimony. Evidence that Turner was reaching for the knife on the motorcycle —whether simply to bait the officer or to use it to threaten the officer—was relevant to show Turner's state of mind. Evidence that Turner had access to all three knives was relevant to show that the officers' concerns over what Turner was doing with his hands were justified. Any unfair prejudice from admission of this evidence did not substantially outweigh its probative value on these issues. Finally, although Turner did not request a limiting instruction and the trial court did not give one, the failure to do so did not prejudice Turner because the State did not use Turner's conduct in reaching for the one knife, and the presence of the other knives, for an impermissible purpose. *See State v. Lehr,* 227 Ariz. 140, 147-48, ¶ 24, 254 P.3d 379, 386-87 (2011) (determining failure to specify the purposes for which Rule 404(b) evidence was admitted in court's limiting instruction is harmless when purpose is apparent on the record); *State v. Salamanca,* 233 Ariz. 292, 295–96, ¶ 14, 311 P.3d 1105, 1108–09 (App. 2013) (determining failure to give limiting instruction not reversible error when defendant not prejudiced).

## II. Admission of Statements from Non-Witness

**¶11** Turner argues that the trial court erred by allowing Officer C.R. to testify that while Turner was "violently struggling" with him and his partner, a bystander who did not testify at trial was yelling, "Stop fighting with the cops. Be

nice. Stop fighting with the cops." Turner argues that the court violated his rights under the Confrontation Clause by later allowing Officer A.M. to testify that she confirmed in a subsequent interview of this same bystander that this bystander's account characterized what Officer A.M. saw on scene. Officer A.M. testified that she had arrived just in time to see "two legs sticking out" from the rear seat of the patrol car, and Officers C.R. and F.C. attempting to "get ahold of the legs." She also heard one of the officers say, "stop kicking me."

¶12         Although we ordinarily review evidentiary rulings for abuse of discretion, we review evidentiary rulings that implicate a defendant's constitutional rights *de novo*. *See State v. Ellison*, 213 Ariz. 116, 129, ¶ 42, 140 P.3d 899, 912 (2006). Because Turner did not object at trial to any of this testimony, however, we review for fundamental error only. *See Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607.

¶13         Turner's claim fails on fundamental error review. First, the bystander's advice to Turner to "stop fighting" fell within the "present sense impression" exception to the rule against hearsay. *See* Ariz. R. Evid. 801(c) (defining hearsay); Ariz. R. Evid. 803(1) (providing for exception to rule against hearsay for "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it"). Moreover, as Turner concedes, because Officer C.R. heard the bystander spontaneously yell "stop fighting" at the time Turner was struggling with the officers, the statement was not "testimonial" in nature, and its admission through Officer C.R. did not violate Turner's confrontation rights. *See Crawford v. Washington*, 541 U.S. 36, 51-52, 68 (2004) (precluding admission only of those out-of-court statements that are "testimonial," including that category of statements made under circumstances that lead an objective witness to reasonably believe the statement would be available for use at a later trial); *cf. State v. Aguilar*, 210 Ariz. 51, 51, ¶ 1, 107 P.3d 377, 377 (App. 2005) (holding that excited utterances heard and testified to by lay witnesses are not testimonial).

¶14         The bystander's later account to Officer A.M. of what she had observed, on the other hand, arguably was the type of testimonial statement that implicates the Confrontation Clause. *See Davis v. Washington*, 547 U.S. 813, 822 (2006) (holding that statements made by a witness during police questioning "are testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution"). Although the trial court sustained Turner's objection to what the bystander actually told the officer she saw, Officer A.M's testimony confirming that the witness had observed the same conduct as the officer (Turner's legs kicking at the officers) arguably violated Turner's confrontation right. This testimony, however,

did not prejudice Turner because it was cumulative of what the jury had already heard—that this witness was yelling for Turner to stop fighting the police. Moreover, Turner himself conceded on cross-examination that the witness said, "stop fighting with the police." Any error in allowing this brief mention of the bystander's observations during Officer A.M.'s testimony accordingly did not prejudice Turner, and does not warrant reversal on fundamental error review.

## III.    Prosecutorial Misconduct

**¶15**        Finally, Turner argues that the prosecutor engaged in misconduct by eliciting the bystander's statements through the officers' testimony. Because Turner failed to raise any claim of prosecutorial misconduct at trial, we review them for fundamental error only. *See Henderson,* 210 Ariz. at 567, ¶ 19, 115 P.3d at 607.

**¶16**        "Prosecutorial misconduct 'is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial.'" *State v. Aguilar*, 217 Ariz. 235, 238-39, ¶ 11, 172 P.3d 423, 426-27 (App. 2007) (quoting *State v. Pool*, 139 Ariz. 98, 108-09, 677 P.2d 261, 271-72 (1984)). To constitute reversible error, the misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial, and "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Morris*, 215 Ariz. 324, 335, ¶ 46, 160 P.3d 203, 214 (2007) (internal quotation marks and citations omitted). We view any instances of prosecutorial misconduct cumulatively to determine whether reversal is required. *State v. Roque,* 213 Ariz. 193, 230, ¶ 165, 141 P.3d 368, 405 (2006).

**¶17**        Under the circumstances and for the reasons outlined above, we conclude that the prosecutor did not engage in misconduct by eliciting the cited testimony, much less misconduct that permeated the entire atmosphere of the trial, such that it denied Turner a fair trial. The bystander's comment was appropriately elicited through the testimony of Officer C.R., and Officer A.M.'s brief reference to the bystander's observations being consistent with her own was insignificant in the context of this trial. Turner has not shown that reversal is warranted on this basis.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm Turner's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama