NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

OBRAIN BARRINTON BROWN, *Defendant/Appellant.*

No. 1 CA-CR 14-0540
FILED 12-15-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2013-106154-001 DT
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1        Appellant Obrain Barrinton Brown (Brown) appeals from his conviction and sentence for resisting arrest, a class 6 felony.  Finding no error, we affirm.

PROCEDURAL AND FACTUAL HISTORY

¶2        Maricopa Sherriff's Office Deputies Edwards and Vogt were acting as off-duty security at a local nightclub in the early morning hours of October 21, 2012.  As the club was closing, Deputy Vogt heard sounds of distress coming from the parking lot.   Deputy Vogt observed that defendant was outside of an SUV trying to physically prevent his girlfriend, who was inside the vehicle, from leaving.  Deputy Vogt approached defendant first, followed by Deputy Edwards; defendant was instructed multiple times to step away from the vehicle.  Defendant failed to do so.  When the deputies attempted to detain him, Deputy Vogt was hit in the face.  Defendant started to run but was taken down.  He refused to comply with orders to show his hands and stop resisting.   The deputies continued to struggle with defendant.   Scottsdale Police Sergeant Hawkins then arrived and put defendant into an arm bar.  Defendant's arm broke.   A fourth officer, Officer Chavez, arrived and took defendant to the hospital to be treated for the injuries he received.   Defendant was clearly intoxicated.

¶3        Defendant was charged with aggravated assault on a police officer and resisting arrest.  Defendant's first jury trial failed to return a verdict.   At the second trial, Edwards, Vogt, Hawkins and Chavez each testified and were subject to cross-examination.  An issue arose during the second day of trial regarding the cross examination of Deputy Vogt.  Although defendant had been allowed to cross-examine Deputy Vogt regarding a 2008 performance evaluation during the first trial, the state

argued it should not be permitted in the second trial.[1]  After argument, the trial court agreed.

**¶4**          The jury convicted defendant of resisting arrest but returned an acquittal on the aggravated assault charge.  Defendant was sentenced to 18 months probation.  This appeal followed.

DISCUSSION

**¶5**          On appeal, Brown contends that the trial court erred in curtailing his cross examination of Deputy Vogt.  Brown argues that he has "a constitutional right to cross-examine witnesses regarding motives to testify untruthfully" when that witness had had "previous complaints that he was rude, disrespectful, and abrasive and [a] previous discipline for a computer violation" because those incidents made it more likely that Vogt had a motive to inaccurately portray any excessive force against Brown to avoid future disciplinary proceedings.   To this end, Brown cites his constitutional right to cross-examine witnesses against him under both the federal and Arizona constitutions. He asserts the trial court erred in its Arizona Rule of Evidence 404(b) analysis to his detriment.  Below, Brown also asserted that Vogt's disciplinary history was admissible under Rule 608 because it went to his reputation for truthfulness.

**¶6**          In response, the state asserts that the trial court did not violate defendant's confrontation clause rights by precluding Brown from cross examining Deputy Vogt on his 2008 performance evaluation.  It maintains that the trial court correctly limited Brown's cross-examination under Rule 608 and Rule 404.  Further, the state argues, any error was undoubtedly harmless as three different officers testified that Brown was resisting arrest.  We agree.  Defendant was not denied the right to put relevant information before the jury.

**¶7**          The right to cross-examine witnesses, is a fundamental right. *Pointer v. State of Texas*, 380 U.S. 400, 403–404 (1965).  A trial court's decision

---

[1] The evaluation covered approximately Vogt's first eight months on the job and provided an overview of three consecutive reporting times called phases.  The report indicated that Vogt had had a few issues in phase two that he was counseled on.   At the end of phase three it was recommended Vogt be promoted.  The phase three evaluation stated Vogt had improved, had taken to heart the information given to him by his supervisor in phase two, and had willingly worked to implement suggestions to enhance his job skills.

to limit cross examination is reviewed for an abuse of discretion. *State v. Cox*, 201 Ariz. 464, 466, ¶ 5, 37 P.3d 437, 439 (App. 2002). "[R]eversal will occur only when the trial judge places unreasonable limitation on cross-examination." *State v. Riley*, 141 Ariz. 15, 20, 684 P.2d 896, 901 (App. 1984). Any limitation on cross-examination is evaluated "on a case-by-case basis to determine whether the defendant was denied the opportunity to present evidence relevant to issues in the case or the witness' credibility." *State v. Cañez*, 202 Ariz. 133, 153, ¶ 62, 42 P.3d 564, 584 (2002).

¶8        Cases involving alleged confrontation clause violations are subject to a harmless error analysis. *State v. Bocharski*, 218 Ariz. 476, 486, ¶ 38, 189 P.3d 403, 413 (2008). Error is harmless when we can say beyond a reasonable doubt that the error did not affect the verdict. *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993).

¶9        In reviewing the personnel records, the trial court made the following observations and drew the following conclusions as to Rule 608:

> So it's sort of like saying somebody got a D in some class when they were in eighth grade, and then you had an event with them when they were in college and you want to use that D they got in eighth grade to show that they must have done something wrong when you had that event with them in college because they had some history of messing up at some prior point. If these reports, evaluations showed that he continued to not get it, to not improve, to not fix these problems and he didn't get passed on, he would not be a deputy, and we wouldn't have him in the courtroom. Obviously, he did get to that point.
> …
> It doesn't go to credibility. It doesn't address whether he's a trustworthy person telling the events today to say that in Phase 2, how many years ago now -- five years ago, while he was a deputy in training, he drove too quickly.
> …
> I'm not finding that any of this is proper impeachment. It is -- if you try to get it in under 608, it's first got to go to his character for truthfulness or untruthfulness. And then you don't have reputation here, you don't have a witness coming in talking about his reputation for having a character for truthfulness or untruthfulness. And then under (B), 608(B), unless it's a criminal conviction that the witness has that's permissible under 609, extrinsic evidence is not admissible to

prove specific instances of a witness's conduct in order to attack or support his character for truthfulness. So for you to be allowed to inquire into them on cross-examination, they've got to be probative of his character for truthfulness or untruthfulness. I just – I don't see that. I don't see that these matters are.

¶10    Brown sought to impeach Deputy Vogt based on specific instances in his 2008 evaluation, including being rude and disrespectful to the public and accessing a part of a computer drive thought to be secure. The trial court found a "disconnect" between asking someone whether he potentially violated police policy before and concluding "so you're lying to us today." Other acts of a witness may be admissible to establish the witness's character only when the other acts are probative of truthfulness and where they may be proved without extrinsic evidence. *State v. Dickens*, 187 Ariz. 1, 13, 926 P.2d 468, 480 (1996); Ariz. R. Evid. 608. We agree with the trial court that the personnel record was not probative of Deputy Vogt's character for telling the truth.

¶11    On the Rule 404(b) issue, the trial court stated:

This seems very straightforward to me, because 404(B) is not a decision we make in the midst of trial. You're offering for 404(B) -- when you say it really goes to 404(B), motive or bias, I don't think it goes to motive or bias because when you were -- when you were questioned about motive in what respect, you said motive of the witness to tell the truth. That's not -- that's not the kind of motive that under 404(B) propensity evidence can be used. If it has a proper purpose such as to prove identity or motive or bias at something . . . So 404(B), this doesn't fit under because you didn't make a 404(B) motion ahead of trial requesting an evidentiary hearing, hold an evidentiary hearing where the evidence about these events would have been played out . . . whether by clear and convincing evidence the very activity is proven and then whether or not it, in fact, can be offered for a non-propensity purpose.

¶12    A witness's prior bad acts are not admissible "to show action in conformity therewith," but can be used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). This is not a matter like *State v. Gertz*, where defendant seeks to cross examine victim on a motive to lie due to a pending

civil suit. *See* 186 Ariz. 38, 42, 918 P.2d 1056, 1060 (App. 1995). While prior bad acts may be admissible under Rule 404(b) to attack the credibility of a witness when the evidence tends to show a motive to lie, the defendant here presented no offer of proof that Vogt committed what were actual bad acts. "[B]efore admitting evidence of prior bad acts, trial judges must find that there is clear and convincing proof both as to the commission of the other bad act and that the [witness] committed the act." *State v. Terrazas*, 189 Ariz. 580, 584, 944 P.2d 1194, 1198 (1997). Such was not the case here. The trial court found Brown presented a "distorted" view of the evaluations, mischaracterized the evidence, and failed to recognize that Deputy Vogt took the evaluation "to heart."

**¶13** Further, even had we found the trial court abused its discretion in curtailing Brown's cross examination of Deputy Vogt, we would nevertheless affirm. Any error here would be harmless error; two other officers' testimony supported this resisting arrest conviction. *See Bible*, 175 Ariz. at 588, 858 P.2d at 1191.

## CONCLUSION

**¶14** For the above stated reasons, defendant's conviction and sentence is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama