NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC MUNOZ AGUILAR, *Appellant*.

No. 1 CA-CR 15-0020
FILED 12-22-2015

Appeal from the Superior Court in Maricopa County
No. CR 2013-450021-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Ballecer & Segal, LLP, Phoenix
By Natalee Segal
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T R O P**, Judge:

¶1 Eric Munoz Aguilar ("Aguilar") appeals his convictions and sentences for knowingly possessing or using a dangerous controlled substance, arguing the trial court erred in denying his motion *in limine* to exclude his statements made to a police officer following his arrest. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2 Officers Ennis and Mendoza with the Phoenix Police Department met with Aguilar at his residence, where he lived with his mother, to investigate a report of a stolen bicycle. Aguilar was arrested after he admitted he took the bicycle from the owner's residence without the owner's permission. In a search incident to the arrest, the officers found a package of what appeared to be methamphetamine in the coin pocket of his jeans. After placing Aguilar in the patrol car and giving him *Miranda* warnings, Officer Ennis asked Aguilar several times whether he knew the content of the package; each time, Aguilar replied that he did not know but "hoped it was methamphetamine." He further told Officer Ennis that he found the package in his room while cleaning and figured it was his because his mother "did not use methamphetamine." Aguilar also told Officer Ennis that he had used methamphetamine three days ago, used it when things got bad, and preferred smoking methamphetamine to injecting or snorting the drug. Aguilar was charged with one count of knowing possession or use of a dangerous controlled substance (a class 4 felony) and one count of theft (a class 6 felony).

¶3 Before trial, Aguilar moved to exclude all of the statements he made to Officer Ennis about his past drug use. The trial court denied the

---

[1] We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

motion in part, and allowed the State to introduce the statements that he had used methamphetamine three days ago, used it when things got bad, and preferred smoking to injecting or snorting it.

**¶4** The jury found Aguilar guilty of count 1 but not guilty of count 2, and the court sentenced Aguilar to seven years' imprisonment. Appellant timely appealed, and we have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and 13–4033(A).[2]

## ANALYSIS

**¶5** Appellant argues the trial court erred in admitting his statements about his past drug use. We review the trial court's ruling on the admissibility of evidence for abuse of discretion. *State v. Salamanca*, 233 Ariz. 292, 294–95, ¶ 8, 311 P.3d 1105, 1107–08 (App. 2013).

**¶6** The trial court treated the statements in question as admissions and omitted any analysis under Rule 404(b)—the rule concerning admission of evidence of prior acts. Rule 404(b) generally prohibits the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith; [but the evidence may be admitted] for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). For evidence of prior acts to be admitted, four requirements must be met: 1) the evidence is relevant, 2) it is admitted for a proper purpose, 3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, and 4) the court must provide an appropriate limiting instruction upon request. Ariz. R. Evid. 105, 402, 403 & 404(b); *State v. Nordstrom*, 200 Ariz. 229, 248, ¶ 54, 25 P.3d 717, 736 (2001), *abrogated on other grounds by State v. Ferrero*, 229 Ariz. 239, 274 P.3d 509 (2012). Also, the party offering the evidence must prove by clear and convincing evidence that the defendant committed the prior acts. *Nordstrom*, 200 Ariz. at 248, ¶ 54, 25 P.3d at 736; *State v. Terrazas*, 189 Ariz. 580, 581–82, 944 P.2d 1194, 1195–96 (1997).

**¶7** Although the trial court did not analyze the admission of this evidence under Rule 404(b), we may independently review whether the evidence before the court supports its admission; if it does, we will affirm

---

[2] We cite the current version of the applicable statutes unless changes material to our decision have occurred since the date of the offense.

unless the court clearly abused its discretion. *See State v. Mott*, 187 Ariz. 536, 545–46, 931 P.2d 1046, 1055–56 (1997) (reviewing independently whether the probative value of prior acts is substantially outweighed by the danger of unfair prejudice after the trial court failed to perform the required balancing test); *State v. Connor*, 215 Ariz. 553, 563, ¶ 32, 161 P.3d 596, 606 (App. 2007) (stating the trial court's decision to admit other-act evidence will be affirmed as long as it is supported by the facts before the court, unless a clear abuse of discretion appears).

**¶8**        First, the admissions made by Aguilar are clearly relevant. Contrary to Aguilar's speculation that the statements were intended solely to characterize Aguilar as a drug user, the State offered the statements to prove Aguilar's prior knowledge of the drug and its potential packaging, and that he likely knew that the package found in his pocket contained methamphetamine, a critical element of the crime charged in count 1. Additionally, these statements were not only relevant to evaluating Aguilar's credibility, but also to allow the jury to consider the context of Aguilar's other contemporaneous statements to the police that he "didn't know but hoped" the package contained methamphetamine.

**¶9**        Second, evidence of Aguilar's knowledge is a well-recognized exception explicitly authorized under Rule 404(b). Aguilar contends this purpose is not proper because there are other ways to package methamphetamine, and one would not necessarily know a package contains methamphetamine simply by examining the packaging. This argument, however, only challenges the weight of the evidence and not its admissibility, and does not negate the legitimate purpose of proving knowledge as a proper basis for admission.

**¶10**        Third, Aguilar contends the danger of unfair prejudice outweighs the probative value of the evidence, but provides scant evidentiary support and little analysis in support of this argument. Such conclusory argument is deemed waived. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29, 11 P.3d 413, 418 (App. 2000) (stating issues not clearly presented in appellate briefs are deemed waived); *MT Builders, L.L.C. v. Fisher Roofing Inc.*, 219 Ariz. 297, 304 n.7, ¶ 19, 197 P.3d 758, 765 n.7 (App. 2008) (finding argument raised below but presented on appeal in a one-sentence footnote without any analysis is deemed waived). Moreover, on this record, we find the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The statements are potentially harmful to Aguilar, given their probative value in demonstrating Aguilar's likely knowledge of the contents of the package; however, not all evidence harmful to the defendant is unfairly prejudicial.

*Mott*, 187 Ariz. at 545–46, 931 P.2d at 1055–56. Unfair prejudice results when "the evidence has an undue tendency to suggest [a] decision on an improper basis, such as emotion, sympathy, or horror." *Id.* at 545, 931 P.2d at 1055. Here, Aguilar has failed to demonstrate any such unfair prejudice, let alone the prejudice necessary to support exclusion of his admissions.

¶11 As for limiting instructions, Aguilar did not request one even after the court had advised him he could.

¶12 Finally, Aguilar does not dispute that he made these statements, and does not contend that the State could not have proven by clear and convincing evidence that the prior acts he admitted in his own statements did, in fact, occur.

¶13 Accordingly, the trial court properly admitted the statements in question, and its error in failing to analyze admissibility under Rule 404(b) was harmless. On this record, we can easily say that such error did not contribute to or affect the jury's verdict. *See* A.R.S. § 13-3987 (disallowing reversal for error that did not actually, or did not tend to, prejudice the defendant in respect to a substantial right); *State v. Anthony*, 218 Ariz. 439, 446, ¶ 39, 189 P.3d 366, 373 (2008) (stating error is harmless if we can say beyond a reasonable doubt that the error did not contribute to or affect the verdict).

## CONCLUSION

¶14 Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama