393 P.3d 475

**The STATE of Arizona, Petitioner,**

v.

**Hon. Howard FELL, Judge Pro Tempore of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

**and**

**Bryan Mitchell Lietzau, Real Party in Interest.**

**No. 2 CA–SA 2017–0013**

Court of Appeals of Arizona, Division 2.

Filed April 4, 2017

Barbara LaWall, Pima County Attorney, By Nicolette Kneup, Deputy County Attorney, Tucson, Counsel for Petitioner

Steven R. Sonenberg, Pima County Public Defender, By Abigail Jensen, Christopher Lynch, and Abigail Okrent, Assistant Public Defenders, Tucson, Counsel for Real Party in Interest

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Howard and Judge Vásquez concurred.

## OPINION

ECKERSTROM, Chief Judge:

¶1 In this special action, the State of Arizona seeks relief from the respondent judge's order precluding recordings of jail telephone calls and visits involving the real party in interest, defendant Bryan Lietzau, and the judge's order precluding a transcript purportedly showing text messages between Lietzau and the minor victim. Because the state has not asserted it would have presented any precluded recordings at trial absent the respondent's order, we decline to accept jurisdiction to consider that issue. However, because the respondent erred by concluding the state could not present sufficient evidence to authenticate the transcript pursuant to Rule 901, Ariz. R. Evid., and the state has no remedy by appeal, we accept jurisdiction to address that issue and grant relief. *See* Ariz. R. P. Spec. Actions 1(a), 3(c).

## Background

¶ 2 Lietzau was charged with six counts of sexual conduct with a minor under the age of fifteen based on his alleged sexual relationship with then thirteen-year-old S. in 2014. The state disclosed a document purporting to be a transcript of text messages between Lietzau and the victim. Lietzau's probation officer had manually transcribed the messages from a smartphone he had taken from Lietzau on December 10, 2014. The transcript consists of dozens of messages sent over a four-day period from December 6 to December 10, 2014, and reflects a romantic and sexual relationship between the participants.

¶ 3 Lietzau moved to exclude the text-message transcript, arguing inter alia that the state could not provide sufficient proof the messages were between him and the victim and thus could not comply with Rule 901. Lietzau asserted both he and S. had denied messaging each other and that a third party, T., had used Lietzau's phone to message S.—which T. had corroborated during an interview. Lietzau also pointed out that the messages were not found in a later forensic examination of the phone, that the probation officer could not recall the program he had used to view the messages on the phone, and that the service for the phone was registered to Lietzau's mother.

¶ 4 The state responded that the probation officer had claimed Lietzau told him the messages were from S. and that the messages were consistent with other evidence. The state noted that S. had admitted having a sexual relationship with Lietzau and that she would testify about exchanged text messages between them. Additionally, according to the state, recordings of jail calls showed Lietzau had asked family members to contact S., had given her a phone, and referred to the fact he had carved "[S.] is mine" on his arm. The state also noted that Lietzau had identified himself in one of the messages. After hearing argument, the respondent judge granted Lietzau's motion, stating the transcript was precluded because the phone was not in Lietzau's name and "other people had access to it." This petition for special action followed.

## Discussion

¶ 5 We review the respondent judge's authentication ruling for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, ¶ 74, 315 P.3d 1200, 1220 (2014). "An 'abuse of discretion' is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40, 658 P.2d 835, 840 (App. 1982), *quoting Quigley v. City Ct. of Tucson*, 132 Ariz. 35, 37, 643 P.2d 738, 740 (App. 1982). A trial court abuses its discretion if it makes an error of law in reaching its decision or makes a discretionary finding of fact that is not justified by reason. *State v. Aguilar*, 224 Ariz. 299, ¶ 6, 230 P.3d 358, 359–60 (App. 2010).

¶ 6 "To authenticate an item of evidence, the 'proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" *Forde*, 233 Ariz. 543, ¶ 74, 315 P.3d at 1220, *quoting* Ariz. R. Evid. 901(a). The trial court "does not determine whether the evidence is authentic, but only whether evidence exists from which the jury could reasonably conclude that it is authentic." *State v. Lavers*, 168 Ariz. 376, 386, 814 P.2d 333, 343 (1991). If that standard is met, any uncertainty goes to the weight rather than the admissibility of the evidence. *State v. George*, 206 Ariz. 436, ¶ 31, 79 P.3d 1050, 1060 (App. 2003).

¶ 7 "[A] flexible approach is appropriate, allowing a trial court to consider the unique facts and circumstances in each case—and the purpose for which the evidence is being offered—in deciding whether the evidence has been properly authenticated." *State v. King*, 226 Ariz. 253, ¶ 9, 245 P.3d 938, 942 (App. 2011), *quoting State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 14, 186 P.3d 33, 37 (App. 2008) (alteration in *King*). A party can authenticate evidence by various means, including "[t]estimony of a witness with knowledge" or "[d]istinctive characteristics and the like," such as the "contents, substance, internal patterns, or other distinctive characteristics" of the evidence. Ariz. R. Evid. 901(b)(1), (4). Telephone conversations, which are analogous to text messages, may also be authenticated by "evidence that a call

was made to the number assigned at the time to … a particular person, if circumstances, including self-identification, show that the person answering was the one called." Ariz. R. Evid. 901(b)(6)(A).

¶ 8 Two Arizona cases have addressed the authentication of text messages. In *Forde*, our supreme court found sufficient authentication evidence when the seized phone was taken from, and registered to, the sender, the text message was sent to a phone registered to the defendant, and that phone was found in her possession. 233 Ariz. 543, ¶¶ 75–76, 315 P.3d at 1220–21. Similarly, this court found sufficient evidence to authenticate a text message from the victim when the recipient testified she often communicated with the victim via text, had saved the number in her own phone denominated with a nickname, that nickname was displayed when she received the text, and the victim's phone was found next to her body. *State v. Damper*, 223 Ariz. 572, ¶¶ 18–19, 225 P.3d 1148, 1152–53 (App. 2010).

¶ 9 Lietzau cites numerous out-of-state cases addressing the authentication of text messages. Those cases generally require some indicia of authorship before a text message can be attributed to a particular person. *See State v. Koch*, 157 Idaho 89, 334 P.3d 280, 288 (2014) (proponent must provide "direct or circumstantial corroborating evidence of authorship" to authenticate text message); *Rodriguez v. State*, 273 P.3d 845, 849 (Nev. 2012); *Commonwealth v. Koch*, 39 A.3d 996, 1005 (Pa. Super. 2011) (finding authentication insufficient in absence of "evidence tending to substantiate that Appellant wrote the drug-related text messages"). We find this approach to be consistent with Arizona law. Such indicia was present in *Damper*, where the victim regularly communicated via text with the recipient using a particular phone, and that phone was found near the victim's body. 223 Ariz. 572, ¶¶ 18–19, 225 P.3d at 1152–53.

¶ 10 The issue of authorship was not addressed in *Forde*. Instead, the defendant

there challenged whether there was evidence the message was "one intended for [her]." 233 Ariz. 543, ¶ 75, 315 P.3d at 1220. But sufficient indicia of authorship was present, given that the phone from which the messages were sent was found in the sender's possession.[1] *Id.* ¶¶ 75–76. In any event, nothing in the authority Lietzau cites supports a conclusion the authentication in this case was insufficient as a matter of law. Instead, as we explain, there was ample evidence from which a jury could conclude the messages were between Lietzau and the victim.

¶ 11 The respondent judge's authentication ruling was based on his determination that Lietzau did not have exclusive access to the phone and the phone was not registered in his name. But we have found no authority requiring exclusive possession. And, although the phone was not registered to Lietzau, that fact does not demand the conclusion that Lietzau could not have sent the text messages in light of other evidence linking the phone and messages to Lietzau. There is no suggestion that Lietzau's mother was the author or recipient of the messages. Nor would a jury have to accept T.'s claim that he had regularly used Lietzau's phone to message the victim. T. claimed their relationship was platonic. The content of the messages is not consistent with a platonic relationship. And the messages include references to T. in the third person.

¶ 12 Lietzau asserts that, because the state provided "none of th[e] information" our supreme court detailed in *Forde*, it has provided insufficient evidence to authenticate the text messages. But *Forde* cannot reasonably be read to establish a minimum threshold for authentication. Instead, what constitutes sufficient authentication will vary from case to case. *See King*, 226 Ariz. 253, ¶ 9, 245 P.3d at 942. And Lietzau is incorrect that "there is no basis to conclude the outgoing messages were sent by [him], or that the incoming messages were intended for and received by him."

---

1. In its review of *Koch*, the Pennsylvania Supreme Court observed that the approach in *Forde* was "permissive" because it did not "require at least some corroboration of authorship." 630 Pa.

374, 106 A.3d 705, 714 (2014). As we have noted, however, authorship was not challenged in *Forde*.

¶ 13 The transcript contains numerous indications that the messages are between Lietzau and the victim. In one message, Lietzau identifies himself. Given that the phone was found in his possession, Lietzau's self-identification would permit a jury to find that he participated in the text conversation. *See* Ariz. R. Evid. 901(6)(A). Other messages address the victim by name. Several messages are described as photographs of Lietzau—including photographs of Lietzau's arm with the phrase "[S.] is mine" "cut into it." And, a jury could conclude all the transcribed messages constitute conversations between the same two individuals—the nicknames, topics, and tone of the conversations are consistent throughout.[2] *See* Ariz. R. Evid. 901(4).

¶ 14 Additionally, extrinsic evidence connects the messages to Lietzau and the victim. For instance, in the initial messages, Lietzau informs the victim that he had obtained a phone for her and that he would pay for it. The state identified jail recordings in which Lietzau stated he had (through his mother) provided a phone for the victim. And, consistent with the transcript, Lietzau stated during a jail call that he had the victim's name on his arm.

¶ 15 Moreover, in its motion below, the state avowed the victim would testify she and Lietzau had discussed via text message her possibly being pregnant and getting a pregnancy test. A conversation consistent with that avowal appears in the message tran-

script. *See* Ariz. R. Evid. 901(b)(1). And the messages are consistent with her later admission that she had a sexual relationship with Lietzau. This evidence, taken as a whole, would permit the jury to conclude the messages are a conversation between Lietzau and the victim. The evidence is sufficient to meet the authentication requirement of Rule 901 and the respondent abused his discretion in finding otherwise. In this context, Lietzau's contention—that these messages do not reflect conversations between himself and the victim—properly address the weight, not the admissibility, of that evidence. *See George*, 206 Ariz. 436, ¶ 31, 79 P.3d at 1060.

### Disposition

¶ 16 We decline special action jurisdiction to address whether the respondent judge erred in precluding recordings of jail phone calls and visits. We accept special action jurisdiction to address whether the respondent erred in precluding the text-message transcript and, for the reasons stated, we grant relief. We vacate the respondent judge's order precluding the transcript.

---

**2.** In any event, neither party suggests we should assess the messages separately to determine if the state has provided sufficient authentication evidence to show some of the messages, but not others, were between Lietzau and the victim.