NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAHIR JOSUE ROGEL TORRES, *Appellant.*

No. 1 CA-CR 18-0792
FILED 12-26-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-151562-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

_____

**C A T T A N I**, Judge:

¶1          Jahir Josue Rogel Torres appeals his convictions of two counts of sexual conduct with a minor and the resulting sentences. Torres argues that letters between him and the victim were not properly authenticated and were therefore inadmissible. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In November 2013, 22-year-old Torres began staying with the 11-year-old victim and her family. During this time, Torres developed a "[b]rother-sister relationship" with the victim and a close relationship with the victim's parents.

¶3          Later, in 2014, the victim's mother discovered the victim and Torres in bed together in their underwear. Suspecting that Torres and the victim may have had sexual contact, the victim's mother took her to the doctor, who called the police.

¶4          Police officers then conducted a forensic interview with the victim and a confrontation call with Torres and the victim's father. During the forensic interview, the victim stated that she had penile-vaginal contact with Torres twice, and she repeated this information to a forensic nurse the next day. In the confrontation call, Torres admitted to having sex with the victim twice.

¶5          During the forensic interview, the victim also told police officers that she wrote Torres a letter expressing her feelings for him and that she had letters she exchanged with Torres in her backpack. The victim then gave the officers the letters.

¶6          After the confrontation call and the forensic interview, Torres was arrested and indicted on two counts of sexual conduct with a minor. At trial, the victim recanted and denied having a sexual relationship with Torres or even corresponding with him. Nevertheless, the jury found Torres guilty as charged, and the superior court sentenced him to two

consecutive terms of life imprisonment without the possibility of release for 35 years. Torres timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(1).

**DISCUSSION**

**¶7** Torres argues the superior court abused its discretion by allowing the admission of the handwritten letters between Torres and the victim, claiming the letters were not adequately authenticated. We will not disturb a superior court's ruling on the admissibility of evidence absent a clear abuse of discretion. *State v. Romanosky*, 162 Ariz. 217, 224 (1989).

**¶8** To properly authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ariz. R. Evid. ("Rule") 901(a). Rule 901(b) provides examples of how Rule 901(a) can be satisfied, including testimony from a witness that the evidence is what it is claimed to be and identification of the evidence based on its distinctive characteristics, considered in conjunction with circumstances of the case. Rule 901(b)(1), (4). The superior court "does not determine whether the evidence is authentic, but only whether evidence exists from which the jury could reasonably conclude that it is authentic." *State v. Lavers*, 168 Ariz. 376, 386 (1991).

**¶9** Although the victim recanted at trial and denied having a romantic relationship with Torres or writing him letters, there was sufficient other evidence presented at trial to authenticate the letters. A police detective testified that during the forensic interview the victim said she had the letters in a backpack in her vehicle and that officers "went out with her and obtained the letters." Additionally, the letters contain professions of love between the victim and Torres, and the victim's mother identified the letters as being between Torres and the victim, testifying that she had seen them in a sock drawer in the victim's bedroom. In light of this evidence, the court did not abuse its discretion by allowing the letters to be presented to the jury. *See State v. George*, 206 Ariz. 436, 446, ¶ 31 (App. 2003) ("The location where the letter was found combined with its contents provided the trial court a reasonable basis for admitting it into evidence."). And any discrepancy regarding where the letters were discovered or by whom goes to the weight of the evidence and not its admissibility. *See State v. Fell*, 242 Ariz. 134, 136, ¶ 6 (App. 2017); *George*, 206 Ariz. at 446, ¶ 31.

**¶10** Accordingly, the record supports the superior court's determination that a jury could reasonably conclude the letters were authentic, *see Lavers*, 168 Ariz. at 386, and the court did not abuse its

discretion by overruling Torres's objection and admitting the letters into evidence.

## CONCLUSION

¶11       Torres's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA