NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH THOMAS SUTHERLAND, *Appellant*.

No. 1 CA-CR 19-0029
FILED 3-31-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201700819
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

------

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

------

**W I L L I A M S**, Judge:

¶1         Joseph Thomas Sutherland appeals his convictions and sentences for possession of dangerous drugs for sale and possession of drug paraphernalia. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         On June 8, 2017, Lake Havasu City police responded to a shoplifting incident at Kmart. An officer stopped Sutherland, who was walking in a nearby parking lot, and who matched the shoplifting suspect's description. Sutherland asked the officer if "this [is] regarding the Kmart incident." The officer responded that it was, and Sutherland was subsequently arrested. A search of Sutherland's bag incident to arrest revealed a plastic tube and five baggies containing a white crystal substance, several empty baggies, a pipe, cell phones, and various personal items.

¶3         Sutherland was charged with possession of dangerous drugs for sale (methamphetamine) ("Count One"), a class two felony, and possession of drug paraphernalia (methamphetamine) ("Count Two"), a class six felony. Sutherland was tried *in absentia* at a two-day jury trial. At trial, the State introduced evidence of over nine grams of methamphetamine individually packaged in varying amounts, several empty baggies, and a photograph showing the contents of Sutherland's bag at the time of arrest. At the close of the State's case, Sutherland made a Rule 20 motion to dismiss, which the court denied. The jury found Sutherland guilty on both counts, and he was sentenced to the presumptive sentences of ten years for Count One and one year for Count Two, running concurrently. Sutherland timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

*I.      Evidence of Drug Possession*

**¶4**          Sutherland argues the court erred in admitting the drugs into evidence due to lack of foundation. Specifically, Sutherland contends the State failed to establish chain of custody, thus failing to prove the drugs admitted at trial were the same drugs seized from Sutherland and tested at the lab.

**¶5**          Generally, we review evidentiary foundation for abuse of discretion. *State v. McCray*, 218 Ariz. 252, 256, ¶ 8 (2008). When, however, a defendant fails to timely object to the admission of evidence at trial, we review for fundamental error. *See* Ariz. R. Evid. 103(a)(1); *see also State v. Moody*, 208 Ariz. 424, 441, ¶ 40 (2004). Here, Sutherland did not object to the admission of the drugs at the time they were offered into evidence, but instead objected a day later. Sutherland's objection was not timely; we therefore review for fundamental error only. *See Moody*, 208 Ariz. at 441, ¶ 40.

**¶6**          A proponent of evidence must establish foundation by "produc[ing] evidence sufficient to support a finding that the item is what the proponent claims it is." Ariz. R. Evid. 901(a). This standard may—but is not required to be—established by chain of custody evidence. *See State v. Steinle ex rel. Maricopa*, 239 Ariz. 415, 420, ¶ 25 (2016) ("Rule 901 does not invariably require chain of custody testimony . . . ."). The trial court does not determine the evidence's authenticity, "but only whether evidence exists from which the jury could reasonably conclude that it is authentic." *State v. Lavers*, 168 Ariz. 376, 386 (1991). Provided this standard is met, any chain of custody defects go to the evidence's weight, not its admissibility. *State v. Fell*, 242 Ariz. 134, 136, ¶ 6 (App. 2017).

**¶7**          Here, although the State did not present the entirety of the drugs' chain of custody, the record contains sufficient evidence to establish foundation. The drugs presented at trial were identified by Officer Plunkett as the same drugs Sutherland possessed at the time of his arrest, and by the forensic scientist as the same drugs she tested in the lab. This testimony is sufficient to support a finding that the drugs Sutherland possessed, those tested, and those offered at trial were the same. *See State v. Emery*, 141 Ariz. 549, 551 (1984) (explaining a party can lay sufficient evidentiary foundation by having a "witness . . . testify that the item is what it is claimed to be"). We therefore find no error, much less fundamental error, in admitting the drugs.

**¶8** Sutherland further argues the court erred in denying his Rule 20 motion to dismiss based upon insufficient chain of custody evidence. We review a trial court's decision on a Rule 20 motion *de novo*, "viewing the evidence in a light most favorable to sustaining the verdict." *State v. Bible*, 175 Ariz. 549, 595 (1993).

**¶9** The controlling question in considering a Rule 20 motion "is solely whether the record contains 'substantial evidence to warrant a conviction.'" *State v. West*, 226 Ariz. 559, 562, ¶ 14 (2011) (quoting Ariz. R. Crim. P. 20(a)). A Rule 20 motion will be denied when the court, viewing the evidence in the light most favorable to the prosecution, finds that "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990)).

**¶10** Although the court did not precisely articulate the Rule 20 standard,[1] our review of the record shows the court properly denied Sutherland's motion. Because we hold the drug evidence was properly admitted, there was substantial evidence for a rational trier of fact to find that the drugs tested at the lab were the same drugs Sutherland possessed when he was arrested. The court, therefore, did not err in denying Sutherland's Rule 20 motion.

*II.* *Evidence of Drug Possession for Sale*

**¶11** Sutherland contends that even if there was sufficient evidence he possessed the drugs, there is insufficient evidence he possessed them for sale. We review sufficiency of evidence claims *de novo*. *West*, 226 Ariz. at 562, ¶ 15.

**¶12** A conviction must be supported by "substantial evidence" of guilt. *Id.* at ¶ 14. "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)). We do not reweigh evidence; rather, we view facts "in the light most favorable to sustaining the conviction," resolving all inferences against appellant. *State v. Lee*, 189 Ariz. 590, 603 (1997).

**¶13** Here, there is ample evidence supporting the conviction. At trial, the State's expert witness, Detective Huerta, testified that total drug

---

[1] The trial court judge indicated there *might* be sufficient evidence to convict Sutherland.

weight in the suspect's possession is the best evidence of intent to sell. Detective Huerta testified that one gram or less is typical for personal use and nine grams or more indicates possession for sale. The State presented evidence that Sutherland possessed more than nine grams of methamphetamine. Detective Huerta further explained that typical amounts for sale include 3.5 grams, 1.75 grams, and 1 gram, and indicated amounts are not always precise. Sutherland possessed methamphetamine in individual amounts weighing 3.47 grams, 1.88 grams, 1.55 grams, 1.46 grams, and .85 grams, which a rational trier of fact could legitimately conclude were sufficiently close to the amounts typically possessed for sale. Detective Huerta also testified that other indicators of possession for sale include multiple baggies and multiple phones. At trial, the State presented evidence of empty baggies taken from Sutherland and a photograph showing three cell phones in Sutherland's bag, further supporting the jury's finding. Sutherland accurately points to conflicting testimony, but conflicting testimony does not render the cumulative evidence insubstantial. *See State v. Toney*, 113 Ariz. 404, 408 (1976) ("Evidence is not insubstantial simply because testimony is conflicting or reasonable persons may draw different conclusions from the evidence.") The evidence and testimony presented at trial provide substantial evidence to support the jury's conclusion. We therefore find no error.

## III.     *Admission of Other Evidence*

### A.     *Shoplifting References*

¶14        Sutherland argues the court erred in allowing references to his alleged shoplifting at Kmart. Specifically, Sutherland argues the shoplifting references were irrelevant and unfairly prejudicial. We review the admission of evidence for abuse of discretion. *State v. Lehr*, 227 Ariz. 140, 147, ¶ 19 (2011).

¶15        Evidence of prior bad acts is not admissible to prove action in conformity therewith, but may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). When acts are admitted pursuant to Rule 404(b), the proponent must prove by clear and convincing evidence the acts were committed by the defendant. *State v. Terrazas*, 189 Ariz. 580, 582 (1997). Generally, the evidence must be (1) admitted for a proper purpose under Rule 404(b), (2) relevant to that purpose, (3) not outweighed by unfair prejudice, and (4) addressed in a limiting instruction if requested. *Id.* at 583.

¶16 Here, the State mentioned Sutherland's alleged shoplifting, but did so for a proper, non-propensity purpose. The State gave notice that shoplifting would be mentioned at trial. The State never argued Sutherland was convicted of or committed shoplifting—only that there was an incident at Kmart and Sutherland was a suspect. Lieutenant Cesena testified that Sutherland matched the shoplifting suspect's description and that Sutherland asked whether Cesena stopped him because of "the Kmart incident." Thus, the State met its burden to show by clear and convincing evidence that Sutherland was indeed involved in an incident at Kmart. The trial court allowed the references because "[i]t was the reason that law enforcement got involved." This is a proper, relevant, non-propensity purpose. *See State v. Cook*, 150 Ariz. 470, 472 (1986) ("Explanation of events which occur before and after a crime can be admitted in order that the full story be understood."). Further, Sutherland was not prejudiced by the evidence's admission: "shoplifting" was never directly mentioned at trial, and indirect references to the incident were only made to explain how Lieutenant Cesena became involved. Finally, the court gave a limiting instruction at Sutherland's request. We therefore find the trial court did not abuse its discretion in allowing references to alleged shoplifting.

B. *Booking Photo*

¶17 Sutherland argues the court erred in admitting a "mug shot" to establish identity when he failed to attend trial. We review for abuse of discretion. *State v. McCutchen*, 162 Ariz. 54, 58 (1989).

¶18 The introduction of a mug shot may be error when it infers a prior arrest record. *State v. Kelly*, 111 Ariz. 181, 189 (1974). However, mug shots may be admitted to establish identity when a jury could conclude the photo was taken when defendant was arrested in the present case. *McCutchen*, 162 Ariz. at 58.

¶19 Here, the photo was relevant to establish Sutherland's identity when he failed to appear for trial. The photo included the words "Mohave County Sheriff's Office" above the photo, Sutherland's name and booking number immediately below the photo, as well as the following statement: "The above photo is a true and exact copy of the booking photograph for SUTHERLAND, JOSEPH THOMAS DOB: 2/11/1981, as on file with the Mohave County Sheriff's Office." The booking photo was signed by a Sheriff's Office employee and notarized on September 20, 2018, one month before trial. In *State v. Cumbo*, 9 Ariz. App. 253, 256 (1969), we reasoned that the "absen[ce] [of] an explanation that the picture was taken at [a] defendant's arrest on the charge involved, intimates to the jury that

[the] defendant had a prior criminal record," and, therefore, its admission into evidence may constitute error. However, our supreme court more recently reasoned that if a jury "*could well conclude* that police took [the photograph] when defendant was arrested in this case," and the photograph is otherwise relevant to the issue of identity, "its admission [is] not unfairly prejudicial" and no error exists. *McCutchen*, 162 Ariz. at 58 (emphasis added). Here, the only date on the photo is well after Sutherland's arrest in the present case and only one month before trial. Thus, although the better course of action may have been to introduce either a clean photo or one with an explanation that the photo was taken at Sutherland's arrest in the present matter, the photo's admission was not unfairly prejudicial because the jury *could well conclude* the photograph admitted into evidence was taken in conjunction with Sutherland's arrest in this case. *See id.*

*IV.    Prosecutorial Misconduct*

**¶20**        Sutherland alleges the prosecutor committed misconduct by purportedly mentioning facts not in evidence during the State's closing argument. Specifically, Sutherland challenges the prosecutor's references to evidence of (1) drugs, (2) cell phones, and (3) cash.

**¶21**        To establish prosecutorial misconduct, a defendant must show the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," and prove the misconduct was "so pronounced and persistent that it permeates the entire atmosphere of the trial." *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998)).

**¶22**        Here, during the trial, the court properly admitted evidence of drugs and a photograph showing three cell phones. Therefore, despite inconsistent witness testimony potentially affecting the weight of the evidence, the prosecutor was indeed referring to facts in evidence during his closing argument. Although there was no evidence of cash presented at trial, the prosecutor only mentioned cash in his closing argument to correct his opening statement and clarify that no evidence of cash was presented at trial.[2] The prosecutor, therefore, did not commit misconduct in his closing argument.

---

[2] Sutherland challenges this quote by the prosecutor: "I mentioned during the [opening] statements that $140 was found in Joseph's wallet. Now that

*V.      Consideration of Aggravating Factors*

**¶23**          Sutherland argues the trial court erred in considering two prior felony convictions as aggravating factors in sentencing. Because Sutherland did not object at trial, we review for fundamental error, requiring Sutherland to establish both that fundamental error exists and the error caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

**¶24**          Courts may not use prior convictions to enhance or aggravate a defendant's sentence without properly establishing the convictions' existence. *State v. Morales*, 215 Ariz. 59, 61, ¶ 6 (2007). Here, however, the court did not enhance or aggravate Sutherland's sentence. The court correctly indicated that because there was no aggravation hearing, "the most [the court] could impose in this case would be a presumptive sentence." Thus, even if it was improper for the court to consider the prior convictions as aggravating factors, because the court did not impose a sentence greater than the presumptive term, there was no error. *See State v. Johnson*, 210 Ariz. 438, 442, ¶ 13 (App. 2005) (finding no error when the trial court considered an aggravating circumstance not found by the jury because it did not rely on that circumstance to increase the defendant's punishment beyond the presumptive term). Finally, Sutherland has failed to establish prejudice in the court's consideration of the prior felonies. Indeed, rather than objecting to considerations of the prior convictions at sentencing, Sutherland was the first to mention them. The court therefore did not err in considering Sutherland's prior felony convictions at sentencing and imposing the presumptive sentence.

**CONCLUSION**

**¶25**          For the foregoing reasons, we affirm Sutherland's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

testimony never came out at trial. No one ever mentioned anything about any money."